327 So.2d 726

Myra Maddox BINNS

v.

Lester MADDOX.

Civ. 640.

Court of Civil Appeals of Alabama.

Feb. 18, 1976.

Robert H. Brogden, Ozark, for appellant.

Sterling G. Culpepper, Jr., Montgomery, for appellee.

WRIGHT, Presiding Judge.

This is an appeal from a judgment denying sums claimed as due and unpaid child support payments under a prior judgment

and granting modification as to payment of child support. We affirm in part and reverse in part with direction.

Parties hereto, the parents of three children, were divorced January 30, 1967. The decree of divorce granted custody of the children to plaintiff and directed payment of child support in installments of $110.00 per month. The payments were made as ordered until defendant became totally disabled for social security purposes in 1969. At that time the children began drawing social security benefits because of defendant's disability. Defendant at the same time was granted a disability retirement as an officer by the U.S. Army. From the beginning, the social security benefits have exceeded in amount the sum of support ordered paid by the court. At the time of the hearing in this case, the sum received by the children was $355.50 per month.

■ The judgment from which this appeal is taken failed to find any arrearage of support due under its prior decree, though the testimony was that no payments had been made by defendant since the children began receiving social security benefits. Appellant submits that the silence of the judgment on this issue is a denial of her request for a determination of and judgment for the amount due and unpaid. We also so construe the judgment rendered.

Therefore, the issue for our consideration is whether under the evidence and law of this state the court erred in denying judgment for the sum of past-due and unpaid installments.

In other recent cases we have held that installment payments for child support become final judgments as of the date they are due and may be collected as any other judgment. We have therein cited as authority the cases of *Epps v. Epps,* 218 Ala. 667, 120 So. 150; *Armstrong v. Green,* 260 Ala. 39, 68 So.2d 834; and others. We do not depart now from what we said in these prior cases (not yet reported), but reiterate the same here. However, the ultimate issue here is not whether such past-due installments are considered as final judgments beyond the power of a trial court to modify, but rather whether such judgments are to be considered paid and satisfied under the evidence of this particular case.

We hold that the facts of this case bring it within the rule stated in *Headley v. Headley,* 277 Ala. 464, 172 So.2d 29, authored by the late esteemed Chief Justice of Alabama, *J. Ed Livingston,* and quoting from *Armstrong v. Green, supra,* as follows:

"The weight of authority appears to be to the effect that proceedings to enforce a decree for the support and maintenance of a child are subject to any valid defense against the required payment. 27 C.J.S., Divorce, 321, pages 1227–1228 [27B C.J.S. Divorce, § 321(5), p. 650]."

We add the further citation of 24 Am.Jr. 2d, Divorce and Separation, Section 873.

■ We interpret this statement to mean that though the installments are judgments, an action for their collection may be defended by pleading a defense of payment or discharge by some means other than as expressly directed by the decree. In *Headley,* the sums due were credited during the months the children were in the custody of the father with the agreement of the mother.

■ An order of support is for the benefit of the children, even though directed paid to the mother or other custodian. If the sum directed to be paid by the father is paid by the government through social security benefits derived from the account of the father, the purpose of the order has been accomplished. The father is entitled to be credited with such payments against his liability under the decree.

In *Horton v. Horton,* 219 Ga. 177, 132 S.E.2d 200, the Supreme Court of Georgia said as follows:

"[1, 2] Social Security disability payments represent money which an employee has earned during his employment and also that which his employer has paid for his benefit into a common trust fund under the Social Security Act. 42 U.S.C. § 301 et seq. These payments are for the purpose of replacing income lost because of the employee's inability to work upon becoming disabled. Thus, these payments substitute for income. Since the amount of alimony required to be paid is determined largely by income, we see no reason why, in discharging the obligation to pay the alimony, Social Security disability benefits should not be credited."

Other cases reaching the same conclusion are *Cash v. Cash,* 234 Ark. 603, 353 S.W. 2d 348; *Kipping v. Kipping,* 186 Tenn. 247, 209 S.W.2d 27; *Hopwood v. Hopwood,* 169 Neb. 760, 100 N.W.2d 833; *Cohen v. Murphy,* Mass., 330 N.E.2d 473; *Andler v. Andler,* 217 Kan. 538, 538 P.2d 649. We are in agreement with the above authorities. The rule expresses the intent of *Headley v. Headley, supra,* and is not contrary to the law of this state that decrees for alimony and support may not be modified retrospectively. *Armstrong v. Green, supra.*

The second issue presented is whether the trial court erred in modifying the prior decree by eliminating the previous order of support and directing that the amount being drawn by the children under social security be held in lieu of any further support.

■ We believe we understand the intent of the trial court in entering such judgment. However, it appears that the effect of the judgment is to eliminate any court-ordered support and assume that the children will continue to draw $355.50 in social security benefits. Such assumption is insufficient protection for the children. The testimony was that defendant is completing requirements for a master's degree in psychology with expectation of employment in that field. Rehabilitation and employment may well cause removal of the classification of defendant as totally disabled under social security. If such occurs and the benefits for the children are discontinued, they will be without court-ordered support.

The evidence of the present income of defendant is that his minimum net income is over $1,200.00 per month. He is financially able to reasonably contribute to the support of the children should their social security benefits be discontinued. Upon becoming employed as a psychologist such income can be reasonably expected to increase. We recognize that if social security should cease, the court is open for further petition for support, but it is our opinion that the children should be presently protected from such eventuality. We find the court to have erred in removing all personal obligation of support by defendant. Under our ruling on the first issue, defendant is discharging any obligation of a court-ordered payment through the payment of the social security as long as it continues and exceeds the amount ordered by the court.

We therefore reverse the decree of the court insofar as it removes the obligation of defendant for support in a specific amount. We remand for the purpose of determining the amount of support defendant should pay in the event social security benefits should end or be decreased below the needs of the children.

Affirmed in part, reversed in part with direction.

BRADLEY and HOLMES, JJ., concur.