This case originated from an order of the probate court of Jefferson County, denying a claim filed by the guardian of Mark Bowden, a minor, against the estate of his deceased father. The denial of the claim was appealed to the circuit court. After hearing in circuit court, judgment was entered allowing the claim but ordering credit against it for social security payments received by the son after the death of the father.
 FACTS
The parents of Mark Bowden were divorced in North Carolina in 1974. Prior to the divorce, the parents entered into a separation agreement. That agreement contained the following: *Page 449 
 "6. The Husband agrees that commencing with the Month of December, 1974, and during each month thereafter, on specific dates to be agreed upon by the parties after the Husband's pay dates are established, the Husband shall pay to the Wife for the support and maintenance of Mark Maxwell Bowden, the minor child born to the parties, the sum of $300.00, which payments shall continue until said child dies or attains the age of twenty-two (22) years, whichever first occurs. The Husband is presently unemployed. The amount of $300.00 to be paid each month for the support of Mark Maxwell Bowden by the Husband is based on his current annual salary of approximately $30,000.00. The Husband will voluntarily increase the monthly payments proportionately if his income increases. The Husband will promptly notify the Wife of any change in his salary, and will furnish the Wife with copies of his W-2 forms at the end of each calendar year so that she may verify his income. The parties agree that the Husband may hereafter claim Mark Maxwell Bowden as a dependent on his federal and state income tax returns. However, Husband may claim both Mark Maxwell Bowden and Wilson Livingston Bowden as dependents on his federal and state income tax returns for the year 1974.
 "7. The Husband will purchase and maintain life insurance policies, term or ordinary life, sufficient to insure that the monthly payments for the support of Mark Maxwell Bowden provided for in this agreement shall be paid in the event of the death of the Husband, or in the amount of $40,000.00, whichever is less. If, and only if, the Husband shall fail to maintain an adequate amount of the aforesaid insurance, an amount equal to the difference in the amount of such insurance maintained and the sum of the monthly payments remaining to be paid at the date of death of the Husband shall be paid from the assets of the Husband's estate. The Wife shall be named beneficiary in said insurance policies. If the total amount remaining to be paid for the support of Mark Maxwell Bowden at the date of death of the Husband is less than the total amount of the proceeds of the insurance policies provided for in this paragraph, the balance shall be paid by the Wife to the estate of the Husband.
 "21. This agreement shall be construed and governed in accordance with the laws of the State of North Carolina."
The father died testate in Jefferson County, Alabama, in 1980. His will was admitted to probate.
At the time of death the father did not have in effect the insurance policy as required in the agreement. Mark was under the age of twenty-two years. As provided by the agreement, claim was made against the estate for the lump sum amount of $29,400.00.
Mark had received Social Security benefits monthly in amounts exceeding $300.00 per month from the date of his father's death in July 1980 through March 1982 in a total amount of $8,770.80. It is not clear what Mark's age is at present, but it is noted in the decree of the circuit court that Social Security benefits were no longer payable to dependent children beyond age eighteen. The court also noted in its decree that North Carolina law was to be applied and that it is the law of that state that agreements to pay support past the legal age of eighteen are enforceable. However, the court determined that credit was due to be allowed against such support obligations for Social Security benefits received through the father's account.
It is agreed that North Carolina law is to be applied in this case. However, it is our view that in this instance it is not materially different from that of Alabama. It is the law of North Carolina that an agreement between parents to support a child past the age of legal responsibility is enforceable as any other contract, even against the estate of the deceased parent. Church v. Hancock, 261 N.C. 764, 136 S.E.2d 81 (1964);Layton v. Layton, 263 N.C. 453, 139 S.E.2d 732 (1965); Hardingv. Harding, 29 N.C. App. 633, 225 S.E.2d 590 (1976). *Page 450 
This court has held that an agreement to support a child beyond attainment of majority will be enforced in a court of equity.See Scott v. Scott, 401 So.2d 92 (Ala.Civ.App. 1981).
We have not been apprised of any North Carolina case, nor a case of any other state, decided entirely consistent with the facts of this case. However, we believe there are decisions which point logically to a proper conclusion in this case. The courts of North Carolina have held that credits against court-ordered child support may be allowed for contributions or expenditures made by the parent other than in the form and manner prescribed in the decree. Jones v. Jones,52 N.C. App. 104, 278 S.E.2d 260 (N.C.App. 1981); Goodson v. Goodson,32 N.C. App. 76, 231 S.E.2d 178 (1977). More nearly to the facts of this case, this court in the case of Binns v. Maddox,57 Ala. App. 230, 327 So.2d 726 (1976), held that Social Security payments received by the wife for the benefit of the children because of the disability of the father could be credited against his obligation for child support under a court decree.
Appellate courts of other states, as we pointed out in Binns, have reached the same conclusion. Other cases in other states following the same reasoning have been decided since Binns.
Those we found are Newton v. Newton, 622 S.W.2d 23 (Mo.App. 1981); Potts v. Potts, 240 N.W.2d 680 (Iowa 1976).
The principle of all the cases cited is that the purpose of Social Security is the same as that of an insurance policy with a private carrier, wherein a parent insures against death or loss of physical ability to fulfill moral and legal obligations to dependent children. The premiums on such insurance may be said to have been paid either by the parent or by the parent and employer. The benefits of Social Security are not gratuitous. The terms of "insured," "insurance" and "beneficiary" are used throughout the Social Security Act. 42 U.S.C.A. Chapt. 7.
The Supreme Court of the United States has referred to the Social Security system as social insurance and has said the right to the benefits is in one sense earned. Flemming v.Nestor, 363 U.S. 603, 80 S.Ct. 1367, 4 L.Ed.2d 1435 (1960). It only seems logical to extend the holding of the cases cited to the facts of this case. We therefore hold that the death benefits paid to Mark Bowden from the Social Security account of his deceased father may be credited against the monthly obligations under the agreement of the parents. The evidence was that payments from Social Security were received by Mark or his guardian from August 1980 through March 1982 in monthly sums in excess of the $300.00 per month due by the agreement. Therefore no sums are now due for that period. The sum of monthly payments of $300.00 each from April 1982 until Mark reaches the age of twenty-two years is due and is a charge against the estate.
It is the further opinion of the court that the excess of the monthly Social Security payments over the amount of $300.00 per month is not due to be credited. The obligation of the parent was by agreement to be the payment of $300.00 per month until the age of twenty-two. Though crediting that sum, the fact that Mark received from Social Security an excess over that obligation is merely because of the determination of Social Security benefits due him. The excess was an extra benefit to Mark but did not decrease the obligation of the parent for ensuing months. Neither did the sum of the monthly excesses received provide credit for monthly installments not then due under the agreement. Andler v. Andler, 217 Kan. 539,538 P.2d 649 (1975).
We are not clear whether this last part of our decision is contrary to the judgment of the circuit court. If it is we reverse the judgment in that part. If it is not contrary, we affirm the entire judgment. In either event, we direct entry of judgment below in accord with our decision and remand for that purpose.
AFFIRMED CONDITIONALLY.
BRADLEY and HOLMES, JJ., concur. *Page 451