This is post-divorce periodic alimony litigation.
The 1968 divorce decree ratified and confirmed an agreement of the parties whereby Mr. Frazier agreed to pay to Mrs. Frazier as periodic alimony the weekly amount of fifteen dollars, which was to be increased to twenty-five dollars a week in 1973. Social Security benefits were not mentioned in either the agreement or the decree.
Mr. Frazier was current in his alimony payments when he reached the age of sixty-five. At that time he was required to retire by his employer because of age. Thereafter, he drew his Social Security from the federal government together with $101 as monthly retirement from his employer. In September 1974, Mrs. Frazier commenced receiving Social Security benefits through Mr. Frazier's Social Security account at the rate of $111.30 per month. Her monthly check by December 1983 had gradually increased to $266 due to periodic amendments to the Social Security Act.
Mr. Frazier made no alimony payments to Mrs. Frazier after September 1974. On November 15, 1974, Mrs. Frazier's attorney wrote to Mr. Frazier concerning payment of his alimony arrearage since September. Mr. Frazier testified that he promptly went to Mrs. Frazier's attorney's office and explained and discussed his recent retirement and the parties' receipt of, or entitlement to, Social Security. When Mr. Frazier left that office, he was under the definite impression that, if that present situation was not satisfactory, the attorney would notify him. Nine years passed and he heard nothing about alimony from either the attorney or Mrs. Frazier.
In October 1983, Mrs. Frazier filed her petition to place Mr. Frazier in contempt of court for his failure to pay alimony since September 1974. Mr. Frazier's answer included a defense that he was entitled to credit against the alimony arrearage for the Social Security payments which had been paid to Mrs. Frazier. After an ore tenus trial on December 15, 1983, a judgment was rendered which ascertained that Mr. Frazier should have made the alimony payments, and it was further decided that the fact that Mrs. Frazier received Social Security benefits had no bearing upon his alimony obligation. A judgment was rendered against Mr. Frazier for $11,975.
Since Mr. Frazier died three days after the trial, his executrix has been substituted as a party in his stead. The executrix perfected this appeal. The primary issue is whether the trial court erred in refusing to give Mr. Frazier credit against his periodic alimony arrearage for the Social Security payments which were received by Mrs. Frazier through Mr. Frazier's Social Security account.
Periodic alimony is a debt which becomes a final monetary judgment as to past due installments. Andrews v. City NationalBank of Birmingham, 349 So.2d 1 (Ala. 1977). However, it was held in a child support case that an action for the collection of past due installments may be defended against by pleading and proof of a defense of payment or discharge by some means other than those expressed directly by the decree, and if "the sum directed to be paid by the father is paid by the government through social security benefits derived from the account of the father, the purpose of the order has been accomplished. The father is entitled to be credited with such payments against his liability under the decree." Binns v. Maddox, 57 Ala. App. 230,232, 327 So.2d 726, 728 (1976). For a recent similar holding concerning child support see Bowden v. Bowden,426 So.2d 448 (Ala.Civ.App. 1983), wherein it was stated as follows:
 "The principle of all the cases cited is that the purpose of Social Security is the same as that of an insurance policy with a private carrier, wherein a parent insures against death or loss of physical ability to fulfill moral and legal obligations to dependent children. The premiums on such insurance may be said to have been paid either by the parent or by *Page 885 
the parent and employer. The benefits of Social Security are not gratuitous. The terms of `insured,' `insurance,' and `beneficiary' are used throughout the Social Security Act. 42 U.S.C.A. Chapt. 7.
 "The Supreme Court of the United States has referred to the Social Security system as social insurance and has said the right to the benefits is in one sense earned. Flemming v. Nestor, 363 U.S. 603, 80 S.Ct. 1367, 4 L.Ed.2d 1435 (1960)."
426 So.2d at 450. Insurance payments to a former wife may fulfill and discharge the former husband's divorce judgment obligation to pay alimony. Swindle v. Swindle, 429 So.2d 601
(Ala.Civ.App. 1983). Certiorari was denied by the Supreme Court in that case.
We cannot fathom any valid reason or reasonable logic as to why the rule of law of the Binns and Bowden cases, supra, should not apply to periodic alimony as well as to child support. One of the obvious purposes of Social Security benefits is to partially replace income which is lost because of the retirement of an employee because of age or disability. The payments substitute for income. It has been decided that, inasmuch as the amount of alimony required to be paid is determined somewhat by income, Social Security benefits should be credited in discharging an obligation to pay periodic alimony. Horton v. Horton, 219 Ga. 177, 132 S.E.2d 200 (1963).
Mr. Frazier should have been credited upon his periodic alimony arrearage for the Social Security payments or benefits which Mrs. Frazier drew from September 1974 to the time of his death, since her benefits were derived from Mr. Frazier's Social Security account. The learned trial court erred in its failure to allow such credits. The final judgment is reversed and this matter is remanded for the entry of a judgment consistent with this opinion.
Another issue raised by the executrix concerned Mr. Frazier's not being allowed to testify as to what Mrs. Frazier's attorney told him in their conversation in November 1974. Because of Mr. Frazier's death, his lips are forever sealed upon that subject and he could not now testify. That evidentiary issue is moot.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e) of the Code of Alabama of 1975 and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED.
All the Judges concur.