William Frederick Crawford (father) appeals from the trial court's order finding him to be $37,388.46 in arrears in the payment of child support, ordering that he put aside $10,000 to pay future child support and college expenses for the youngest child, and further finding that, if the father were able to work, he would have the ability to earn $3,000 per month, and, therefore, setting child support at $437 per month to be satisfied by the payment of Social Security benefits. We affirm in part and reverse in part.
Initially, we note that the trial court's judgment is presumed correct following an ore tenus proceeding and will not be set aside unless it is plainly and palpably wrong.Lucero v. Lucero, 485 So.2d 347 (Ala.Civ.App. 1986). In addition, child support and its subsequent modification are matters which rest within the sound discretion of the trial court, and the trial court's judgment will not be reversed absent a showing of abuse of that discretion. Brannon v.Brannon, 477 So.2d 445 (Ala.Civ.App. 1985). However, although child support payments become final judgments on the day they are due, one may defend against an action for their collection by showing payment or discharge by some means other than that directed by the decree. Binns v. Maddox, 57 Ala. App. 230,327 So.2d 726 (Ala.Civ.App. 1976). The award or denial of credits against an arrearage lies within the sound discretion of the trial court, and its decision will not be reversed without a showing of plain and palpable abuse. Kinsey v. Kinsey,425 So.2d 483 (Ala.Civ.App. 1983).
The record indicates that the parties were divorced on March 9, 1978, and that three children who were born of the marriage were ages nine, six, and three at the time of the divorce. The mother was awarded the custody of the children, and the father was ordered to pay $350 per month for child support. The oldest child, Elwin, was adopted by the mother's parents in December 1983. According to the testimony of the mother, the youngest child of the parties, Heath, suffered a severe head injury in an accident in 1978. The father then filed a lawsuit and recovered $25,000, $10,000 of which was used for Heath's medical expenses and $15,000 *Page 365 
of which was placed in a trust fund for him
Because of the disability of the father as a result of an accident which occurred on December 27, 1985, Social Security payments for the children began in January 1987, with the payments dating back to June 1, 1986. The mother's claim for child support arrearage does not include a claim for support after January 1987, the time that the Social Security payments for the children based on the father's disability commenced. The father, who is now an unemployed paraplegic as a result of injuries sustained in the accident, testified that he received $845 Social Security payments as monthly income and that he had $50,000 in a certificate of deposit, plus an additional amount which he refused to disclose.
The father first contends that he is due the following credits against the child support arrearage: credit for the Social Security payments against past, present, and future child support, credit for the proceeds of a lawsuit filed in the father's name, credit for health insurance premiums paid by the father for the benefit of the children, and credit for payments made to the circuit clerk pursuant to the divorce decree and for gifts for the children.
The evidence indicates that the mother requested $52,759.60 in child support arrearage ($32,258.33 in actual child support arrearage and $20,501.27 interest). The amount requested did not include child support for Elwin after he was adopted and did not include child support after the Social Security payments began in 1987. The trial court found the arrearage to be $37,388.46, which is $15,371.14 less than the amount requested by the mother.
The father claims a credit for Social Security payments against child support due. On the authority of Binns,57 Ala. App. 230, 327 So.2d 726, we agree that such a credit should be allowed. Clearly, the mother in the present case has not requested child support payments for the time that the Social Security payments were received; therefore, any overage would be the only amount to be given consideration in the father's request. However, we are unable to determine from the record the amount received in Social Security payments other than those for William Elwin; therefore, we are unable to determine the total amount of Social Security payments received over the amount of child support due during the time period of the disability. In addition, the trial court determined that the child support arrearage was substantially less than the amount requested by the mother and may have considered a portion of the Social Security payments as additional credit against the arrearage. However, if the trial court did not grant additional credit against the arrearage, we cannot say that it was an abuse of discretion.
As to the father's claim for credit against the arrearage for the $25,000 from the lawsuit brought because of Heath's injury, the father argues that, because he had the sole right to sue for injury to his minor child under the law existing at the time of the accident, these funds were his. He further argues that, because he gave the funds to be used for Heath's benefit, they should substitute for child support for the three children.
The trial court may have considered a portion of the award as a credit against the child support and interest claimed by the mother. The grant or denial of a credit against child support arrearage is within the discretion of the trial court.Kinsey, 425 So.2d 483. We additionally note that the father has cited no case law which shows that he has a right to have the entire amount credited against the arrearage, particularly in view of the fact that the award benefitted only one of the children. Therefore, we find no abuse of discretion here.
While admitting that he was not required to provide health insurance for the children under the divorce decree, the father also claims credit for health insurance premiums paid for insurance for the children. However, we note that testimony indicates that the mother has provided health insurance for the children since the divorce and that apparently nothing was collected against the health insurance provided *Page 366 
by the father. Therefore, although we are unable to determine whether the trial court allowed credit for health insurance premiums, we cannot say that the trial court committed an abuse of discretion if it did not.
Although the father submitted checks showing payment of $575 through the circuit court clerk, we note that the clerk's records indicate that $531.25 was received by the court clerk from the father. The total amount was paid to the mother's attorney as an attorney's fee in a previous action against the father and was not actually received by the mother. The father contends that he should not have been held responsible for this debt. However, this issue was not raised at the trial level, and the father cites no authority to support this proposition; therefore, we will not consider it now. Campbell v. AlabamaPower Co., 567 So.2d 1222 (Ala. 1990); Rule 28(a)(5), Alabama Rules of Appellate Procedure; Barnhill v. Barnhill,516 So.2d 725 (Ala.Civ.App. 1987).
In addition, although the father claims credit against the arrearage for Christmas, birthday, and graduation gifts and cards, he cites no law which states that such gifts can substitute for child support payments. Therefore, we will not consider such a claim. Rule 28(a)(5), A.R.App.P.,Barnhill, 516 So.2d 725.
The father also contends that the children were supported by the mother's husband for a period of time and by the mother's parents and that, therefore, he is entitled to credit against the support arrearage. In Nabors v. Nabors, 354 So.2d 277
(Ala.Civ.App. 1978), this court stated that a father should be allowed credit for the time that he supported his children or they were supported by a third person. However, the factual aspects of each case must be considered together with the trial court's discretion. Owens v. Owens, 412 So.2d 820
(Ala.Civ.App. 1982); McDaniel v. Winter, 412 So.2d 282 (Ala.Civ.App. 1982). Although there is evidence here of some support provided by the mother's parents, presumably because of the mother's need for help in supporting the children, the mother testified and provided evidence that she had continued to provide support for the children. The record also indicates that she did not claim support for Elwin after he was adopted or for the other two children after Social Security payments began. Therefore, although the trial court may have allowed credit against the arrearage for some of the time that the father claims that the children were supported by others, we cannot say that it was an abuse of its discretion if it did not.
Based on the above, we find that the trial court did not abuse its discretion in the amount of credit that it allowed the father on the child support arrearage and interest.
The father next contends that the trial court erred when it held that if he were able to work, he would have the present ability to earn $3,000 a month and would be required to pay $437 per month as child support, that he is to pay that amount to the mother for child support, and that the payment of child support is to be satisfied by the payment of Social Security benefits to the child. When the child reaches eighteen years of age and no longer receives benefits, the father is to pay $200 per month support until the child reaches the age of nineteen, marries, or becomes self-supporting.
The father testified that he presently receives $845 in Social Security payments and nothing else. However, there were further indications that the father has money invested that would presumably earn income for him. Nevertheless, nothing indicates that the father in his present condition has the ability to earn $3,000 per month.
The father further contends that since, he claims, he will not be able to be rehabilitated and to regain employment, his child support obligation should be terminated. We note that the father's testimony that the doctors told him that he would not be rehabilitated is the only evidence to that fact. We find as we did in Binns that the father's minimum income of $845 indicates that he is able to contribute to his child's support if the child's Social Security benefits are discontinued, that the child should *Page 367 
be protected from such eventuality, and that the obligation for child support is discharged as long as the Social Security payments exceed the amount ordered by the court. However, we reverse that portion of the trial court's order finding that the father would have the present ability to earn $3,000, if he were able to work, and that child support should be set at $437 and remand for the trial court to determine the amount of support that the father would be required to pay based on the actual income of the father and the mother and the Child Support Guidelines, Rule 32, Rules of Judicial Administration.
The father also contends that the trial court erred in ordering that he pay $200 per month toward Heath's college expenses because, he claims, the parents had not attended college, the mother and father could not have afforded to pay for college during the marriage, and the children probably would not have been provided with a college education if the parties had remained married. He incorrectly argues that under the authority of Ex parte Bayliss, 550 So.2d 986 (Ala. 1989), the trial court is therefore precluded from ordering that the father help provide for college expenses.
However, while the trial court may consider the standard of living that the child would have enjoyed if the family unit had been preserved, the primary factors detailed in Bayliss to be considered by the trial court are the "financial resources of the parents and the child and the child's commitment to, and aptitude for, the requested education." Id. at 987. In considering financial resources, this court recognized undue hardship as an important factor in Thrasher v. Wilburn,574 So.2d 839 (Ala.Civ.App. 1990). We reference Thrasher because of the father's physical disabilities and resulting unemployment, because all his financial resources were not disclosed, and to emphasize that he argued that his ability to pay was not an issue, apparently because of the adequacy of the undisclosed resources. Therefore, in view of the evidence before us, we cannot find that the trial court erred in granting support for Heath's education.
The father also contends that the trial court erred in awarding attorney's fees to the mother. However, he cites no law in support of his position; therefore, we will not consider this contention. Rule 28(a)(5), A.R.App.P.; Barnhill,516 So.2d 725.
Finally, the father contends that the mother cannot seek retroactive payment of the children's medical and dental expenses when this was not ordered by the decree of divorce and that the mother did not have the legal right to ask for college expenses for the children who were over the legal age when the petition was filed. However, since neither of these items was awarded by the trial court, we pretermit any consideration by this court as unnecessary.
Therefore, based on the above, the judgment of the trial court is affirmed in part and reversed in part, and the cause is remanded to the trial court with instructions to enter an order consistent with this opinion.
The mother's request for an attorney's fee for representation on appeal is denied.
AFFIRMED IN PART; REVERSED IN PART; and REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., concurs.
THIGPEN, J., not sitting.