The parties were divorced in 1979. The wife was awarded custody of the minor son, and the husband was ordered to pay $400 per month as alimony and child support.
In November 1990 the wife filed a petition for rule nisi, alleging that the husband was in contempt for failing to pay alimony and support as provided for in the divorce judgment.
An ore tenus proceeding was held on March 2, 1992. The wife testified that during 1983, 1984, and 1990, the husband failed to pay numerous installments of alimony and support and that, by the time of trial, he was $4,300 in arrears. The husband did not deny that he had failed to pay these installments; however, he argued that he was entitled to credit for various other payments he purportedly made to the wife and the minor son during the time the arrearage was accruing. He maintained that these payments exceeded in amount any alleged arrearage and that, therefore, he had fully satisfied his support obligation.
After hearing the evidence, the trial court found that the husband was entitled to a credit of $1,830 against $4,300 in past-due payments. Accordingly, the court ordered the husband to pay the wife $2,470 in arrearage.
The husband appeals, asserting that the trial court erred in failing to credit toward the arrearage certain Social Security benefits that the wife and the son had received, he says, from his Social Security account. He cites the established legal principle that credit is to be given on an arrearage in alimony or child support for Social Security benefits received by one spouse or a child on the other spouse's Social Security account. Crawford v. Bullock, 587 So.2d 363
(Ala.Civ.App. 1991); Binns v. Maddox, 57 Ala. App. 230, 327 So.2d 726
(Ala.Civ.App. 1976).
The record shows that both parties had lengthy employment histories and that at the time of trial, the wife had been employed by the City of Birmingham Board of Education for over 13 years. At trial the husband sought to establish that Social Security benefits the wife began receiving in 1990 were directly attributable to his own Social Security account. The record reflects the following colloquy between the husband's counsel and the wife when the wife was asked if these benefits (of from $355 to $388 per month) could be attributed to the husband's account:
 "[Husband's counsel]: Now, Mrs. Brewer, that Social Security was from the Social Security of your former husband, was it not?
 "[Wife]: That was mine and his. One hundred and twenty dollars, I believe, came from him.
 "[Husband's counsel: One hundred and twenty dollars of the three —
 "[Wife]: That would've been, yes; that's the way they explained it to me at Social Security, is that I was drawing off of him."
At another point the husband's counsel sought the wife's assent to the proposition that two or three other payments of Social Security benefits of $100 each, which had been received by the minor son in 1990, were also attributable to the husband's account. The wife responded, "Well, if that's the way you put it."
The husband, in his testimony, offered no proof as to whose account any of the Social Security benefits derived from, or in what proportion. At no point did the husband provide the trial court with a specific figure of the amount of credit he *Page 1294 
should be given for such benefits received by the wife and son. In this regard, we would note the well-settled rule that a party seeking credits against support must present proof as to the monetary amount of the credits sought. Phillippi v. Stateex rel. Burke, 589 So.2d 1303 (Ala.Civ.App. 1991).
While we are not prepared to say that the evidence as to the issue of Social Security benefits was conclusive, we find that even if the trial court considered that $120 out of every $355 or $388 benefit payment to the wife was, in fact, attributable to the husband's account, the court did not abuse its discretion in crediting the husband for only $1,830 against the arrearage of $4,300. The wife testified that she began receiving Social Security benefits in 1990, but that the payments were not monthly. Her testimony indicated that she received only six such payments in 1990, eight in 1991, and, at most, one in 1992 prior to the trial — fifteen payments, out of which $120 each was arguably attributable to the husband, a total of $1,800.
The evidence as to the source of $200 or $300 in Social Security benefits received directly by the son was, at best, inconclusive. Further, although the husband claimed that he had made various cash payments to the wife and son during the time the arrearage accrued, his claim was contradicted by the wife's testimony. The husband also stated that he had spent $1,690 remodeling the bathroom in the wife's house in 1988; however, the wife maintained that there was no agreement or understanding that this expenditure was in lieu of alimony or support. The husband provided no documentation of any other payments.
The award or denial of a credit against an arrearage is within the sound discretion of the trial court and will not be reversed absent a showing of plain and palpable abuse.Ladewig v. Moxley, 589 So.2d 738 (Ala.Civ.App. 1991). Furthermore, when the trial court bases its judgment on ore tenus evidence, there exists a presumption of correctness as to its conclusion on factual issues, and the trial court's determination will not be disturbed unless it is clearly erroneous, without supporting evidence, manifestly unjust, or against the great weight of the evidence. Gray v. Reynolds,553 So.2d 79 (Ala. 1989).
We find nothing in the record to overcome the presumption in favor of the trial court's determination or to suggest that its judgment crediting the husband for only $1,830 against the arrearage was a plain and palpable abuse of its discretion.
The judgment of the trial court is affirmed.
The wife's request for an attorney's fee on appeal is granted in the amount of $500.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur. *Page 1295 
[EDITORS' NOTE: PAGES 1295-1300 CONTAINED DECISIONS WITHOUT OPINIONS.]
 *Page 396