This is a child support modification case.
The parties were divorced on June 30, 1986. The divorce judgment incorporated an agreement of the parties, by which they agreed that the mother would have custody of the parties' three sons. The agreement also provided that the father would pay $150 per month in child support and would pay all "reasonable and necessary" medical expenses for the children.
On November 16, 1994, the father filed a "petition to terminate" his child support obligation for the two sons who remained minors; the oldest son had attained the age of majority. The petition alleged that since the time of the agreement the father had become disabled and was drawing Social Security disability benefits. The petition further stated that each of the two minor sons was receiving Social Security benefits because of the father's disability, and that the amount of those benefits exceeded the amount the father was required to pay under the divorce judgment. The petition asked the trial court to terminate the $150 per month obligation, as well as the father's obligation to pay for medical expenses. The mother counterclaimed for an increase in support payments.
The trial court conducted a hearing on the petitions on December 21, 1995. At that time, the sons were 17 and 18 years old. On January 16, 1996, the trial court entered a judgment ordering the father to continue to pay $150 per month in child support for the two children, ordering him to elect either to furnish health insurance for the sons or to pay any balances not paid by Medicaid, and denying the mother's petition to increase support payments. The father filed a motion for a new trial, which the trial court denied. The father appeals.
The father argues that, because the sons are already receiving Social Security benefits derived from his disability that exceed the amount of support that he could be properly required to pay under the child support guidelines, the trial court abused its discretion in refusing to terminate his monthly child support obligation. He also argues that the trial court erroneously failed to apply *Page 734 
the child support guidelines found in Rule 32, Ala. R. Jud. Admin., to calculate the amount of support that he should pay. We note that actions regarding child support, although guided by the application of Rule 32, Ala. R. Jud. Admin., remain within the discretion of the trial court; the trial court's decision on such matters will not be reversed absent an abuse of that discretion. Doyle v. Doyle, 579 So.2d 651
(Ala.Civ.App. 1991). Rule 32 provides a rebuttable presumption that the amount that results from the application of the guidelines is the correct amount of child support to be awarded. Rule 32(A), Ala. R. Jud. Admin.
The mother argues, although without citation to authority as required by Rule 28, Ala. R. App. P., that the trial court did not err in not complying with Rule 32 because the father did not request the trial court to do so. We find this contention to be without merit, because of the line of cases in which we have consistently ruled that the application of Rule 32 is mandatory in all actions concerning child support filed on or after October 9, 1989. Smith v. Smith, 587 So.2d 1217
(Ala.Civ.App. 1991); State ex rel. Smith v. Smith, 631 So.2d 252
(Ala.Civ.App. 1993). The mother further asserts that the father failed to furnish the trial court with evidence of his earnings as needed for computation of child support under Rule 32. The record does not support this assertion. Our review of the record reveals that on direct examination the father stated that he received $10,501 in disability benefits in 1994, and that those benefits constituted all of his income. Furthermore, a copy of his Social Security benefit statement was entered into evidence as plaintiff's exhibit one, along with a copy of his 1994 tax return. The trial court was presented evidence regarding each party's income that would enable it to calculate child support in accordance with the guidelines.
A trial court may elect not to apply the child support guidelines only upon agreement of the parties or upon entering a written finding on the record stating that application of the guidelines would be unjust or inappropriate. Rule 32(A)(i), (ii); Smith, 587 So.2d at 1218. When, as here, it appears that a trial court's child support order does not comply with the guidelines, and there is no indication in the record that the guidelines were applied, we must reverse for further proceedings and an entry of a child support award in accordance with Rule 32. Id.; Wilbanks v. Wilbanks, 624 So.2d 605
(Ala.Civ.App. 1993). Therefore, the trial court abused its discretion by ordering child support without first complying with the child support guidelines contained in Rule 32.
The father additionally asserts that he should be relieved of his child support obligation to the extent of the Social Security payments received by virtue of his disability. This court has held that "[a]n order of support is for the benefit of the children . . . [and that,] if the sum directed to be paid by the father is paid by the government through social security benefits derived from the account of the father, the purpose of the order has been accomplished." Binns v. Maddox,57 Ala. App. 230, 232, 327 So.2d 726, 728 (Ala.Civ.App. 1976). Thus, in Binns, this court held that the father was entitled to be credited with such payments against his court-ordered child support obligation. Id. This court further addressed this issue in Bowden v. Bowden, 426 So.2d 448 (Ala.Civ.App. 1983), which stated:
 "[T]he purpose of Social Security is the same as that of an insurance policy with a private carrier, wherein a parent insures against death or loss of physical ability to fulfill moral and legal obligations to dependent children. The premiums on such insurance may be said to have been paid either by the parent or by the parent and [the] employer. . . .
 "The Supreme Court of the United States has referred to the Social Security system as social insurance and has said the right to the benefits is in one sense earned. It only seems logical to extend the holding of the cases cited to the facts of this case. We therefore hold that the death benefits paid to [the child] from the Social Security account of his deceased father may be credited against the monthly obligations under the agreement of [his] parents."
Id. at 450.
This court more recently affirmed the Bowden rationale inCrawford v. Bullock, *Page 735 587 So.2d 363 (Ala.Civ.App. 1991), which stated, "The father claims a credit for Social Security payments against child support due. On the authority of Binns, [supra], we agree that such a credit should be allowed." Crawford, 587 So.2d at 365. See also Frazier v. Frazier, 455 So.2d 883 (Ala.Civ.App. 1984) (applying Binns in the context of alimony and holding that an alimony obligation was satisfied by Social Security payments).
A review of the record shows that each of the sons is receiving a Social Security benefit payment of $225 per month. The mother testified that the sons are mentally retarded and that they will continue to receive Social Security benefits for as long as they continue to suffer that disability. The sons had also been receiving SSI benefits of $203 per month, although the mother testified that her oldest son's monthly benefit would soon decrease to $79 per month because of his part-time employment.
It appears that this court has reached contradicting decisions on the issue of how Social Security benefits paid to a child should factor into determining how much child support a parent should be required to pay. See, e.g., Martin v.Martin, 623 So.2d 1167 (Ala.Civ.App. 1993) (upholding the trial court's refusal to credit the father's obligation by the amount of Social Security benefits being received by the child, without overruling Binns). However, we think that the better reasoning is presented in Binns and its progeny, especially considering the circumstances in this case and the incomes of the father and the sons. We think that this approach better reflects the underlying purpose of child support, which is to provide support for dependent children depending upon their needs and upon the ability of the parent to provide for those needs. Boatfield v. Boatfield, 570 So.2d 1250
(Ala.Civ.App. 1990); Brannon v. Brannon, 477 So.2d 445
(Ala.Civ.App. 1985). We hold that Binns is controlling and that the trial court abused its discretion in denying the father a credit against his child support obligation for the Social Security payments received by the sons. In making this ruling, we reiterate our stance in Crawford, in which we explained that our decision does not serve to terminate the father's child support obligation, but rather holds that he is entitled to a credit against that obligation for as long as the payments continue. The father's Social Security income indicates that he would be able to contribute to the children's support should their Social Security benefits be discontinued. Thus, his obligation is discharged only as long as, and to the extent that, the Social Security payments exceed his child support obligation. Crawford, supra, at 368-67; Binns,57 Ala. App. at 233, 327 So.2d at 728-29.
The father additionally asserts that the trial court erred in ordering him to continue to pay child support for the sons past the age of majority. The middle son attained the age of majority on December 31, 1995; the younger son is currently 17 years old. The father argues that the mother never petitioned for post minority support during the middle child's minority. The trial was conducted on December 21, 1995, before the son's 19th birthday. When issues not raised by the pleadings are tried by express or implied consent of the parties, they are treated as if they had been raised in the pleadings. Rule 15(b), Ala. R. Civ. P.; State ex rel. Hayes v. Hayes,620 So.2d 49 (Ala.Civ.App. 1993).
At trial, the mother testified that the two youngest sons were both mentally retarded and that she did not think that they had the ability to live on their own and be self-supporting; she stated that she expected them to continue living with her well beyond their attaining the age of majority. The father stated that the sons "are slow." There was no objection to this testimony; therefore, the issue was properly before the trial court. Hayes, supra, at 52.
In Ex parte Brewington, 445 So.2d 294 (Ala. 1983), our supreme court expanded the term "children" to include those who are dependent not because of minority but because of a physical and/or mental disability that renders them incapable of becoming self-supporting. Thus, the trial court has jurisdiction to require post minority support for a disabled child who is incapable of self-support. Id. at 296-97; Martinv. Martin, *Page 736 623 So.2d 1167 (Ala.Civ.App. 1993). Furthermore,
 "post-minority support can be ordered regardless of the age of the disabled child at the time of the divorce and the amount of that support is determined after giving consideration to the child's needs, the child's income through Social Security or other similar sources, and the parent's ability to respond to the child's needs."
Martin, supra, at 1170.
Based on the evidence presented to the trial court regarding the sons' mental disabilities, we cannot say that the trial court abused its discretion in ordering the father to provide post minority support for the sons.
The father further argues that the trial court abused its discretion when it ordered him to continue to pay the medical expenses of the sons. As already discussed, the trial court properly ordered the father to continue to assist in supporting his sons beyond the age of majority. The trial court gave the father the option of maintaining medical insurance on the sons or paying the portion of their medical bills not covered by Medicaid.
The father relies on State ex rel. Hayes v. Hayes,620 So.2d 49 (Ala.Civ.App. 1993), in support of his argument that he cannot properly be required to provide medical insurance for the sons. In Hayes, this court held that a parent could not be required to provide post minority medical support for a child where there was no evidence of physical or mental disability.Id. at 52. The testimony regarding the sons' mental disabilities distinguishes the present case from Hayes.
Therefore, we cannot say that the trial court abused its discretion in ordering the father to provide assistance for the sons' post minority medical costs. However, on remand, we instruct the trial court that, when computing the child support, it is to take the expenditures for medical bills or insurance into consideration, as required by Rule 32(C), Ala. R. Jud. Admin.
The trial court's judgment is affirmed in part, reversed in part, and the cause is remanded for proceedings consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
YATES, and CRAWLEY, JJ., concur.
THIGPEN, J., concurs in the result.
ROBERTSON, P.J., concurs in the result only.