This is a child support modification case.
On April 7, 1995, the trial court divorced the parties, awarding the mother custody of the parties' three minor children. The court did not order the father to pay child support, because the children were receiving Social Security benefits because of the father's disability.[1]
On May 2, 1996, the mother petitioned to modify the divorce judgment, so as to award child support, alleging that the father's financial condition had improved since the divorce. After a hearing, the court, on July 31, 1996, ordered the father to pay $500 per month as child support. The father appeals, contending that the court erred in not following the child support guidelines and in not including specific findings of fact to justify its deviation from the guidelines.
The amount of child support that a noncustodial parent is obligated to pay is governed by Rule 32, Ala.R.Jud. Admin. The matter of child support rests within the discretion of the trial court, and the court's ruling will not be reversed absent a showing of an abuse of that discretion. Lucero v. Lucero,485 So.2d 347 (Ala.Civ.App. 1986). When ore tenus evidence is presented, the trial court's judgment based on that evidence is presumed correct, State ex rel. Dunnavant v. Dunnavant,676 So.2d 1329 (Ala.Civ.App. 1996), unless the evidence is uncontroverted. Lyle v. Lyle, 497 So.2d 154
(Ala.Civ.App. 1986).
The record shows that after the divorce the father began receiving $1,000 per month as a result of the settlement of a personal injury lawsuit. The payments will cease at the end of 10 years, at which time he will receive a lump-sum payment of $197,600. He also receives $1,048 per month in Social Security disability payments. We note that the monthly $522 Social Security payments that the children receive should also be considered as income to the father for purposes of calculating child support. Dinkel v. Dinkel, 598 So.2d 918
(Ala.Civ.App. 1991). The mother alleged that the father made additional income by gill net fishing with his father, but she offered no evidence to support that allegation. Based on calculations made from the only evidence in the record, we determine that the father's monthly gross income was $2,570.
The mother testified that she had been unemployed for the past 15 months and that she had incurred no day care expenses for the children. On her CS-42 form, the mother listed her income as $736.66 per month and showed $140 per month in work-related child care. She also alleged that the father's income was $2,048; however, in reaching that figure she failed to include the $522 Social Security payments that the children receive.
 "Child support actions filed on or after October 9, 1989, are subject to the mandatory application of the child support guidelines. Nevertheless, if the trial court enters a written finding on the record, supported by evidence presented to it, that the application of the guidelines would be unjust or inequitable, then the trial court has the discretion to deviate from the guidelines. If the trial court fails to apply the guidelines or to present findings of fact based upon evidence before the court indicating why the guidelines were not followed, this court will reverse."
Maye v. Maye, 660 So.2d 1325, 1327 (Ala.Civ.App. 1995) (citations omitted).
We conclude that the court failed to follow the child support guidelines, and it made no findings of fact to justify a deviation *Page 878 
from the guidelines. Therefore, we must reverse the judgment and remand the case for the trial court to enter an order that complies with the Rule 32 guidelines or, alternatively, to enter findings justifying its deviation from the guidelines. We note that in computing the father's monthly gross income, the court should include the amount of the monthly Social Security payments the children receive. Dinkel, supra. After the father's monthly child support obligation is correctly calculated, he is entitled to a monthly credit against those payments equal to the amount of the monthly Social Security payments the children receive. See Binns v. Maddox, 57 Ala. App. 230, 327 So.2d 726 (1976).
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and MONROE, CRAWLEY, and THOMPSON, JJ., concur.
[1] The record in several places indicates that the children receive $510 per month in disability payments; however, that amount was recently increased to $522 per month.