[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
RE: DEFENDANT'S MOTION FOR ARTICULATION DATED FEBRUARY 19, 1998, CODED NO. 173
Many of the facts that give rise to the motion for articulation are not in dispute.
The motion for articulation reads as follows:
1. On February 10, 1997, the court issued its Memorandum of Decision on the plaintiff's Motion to Modify dated March 5, 1997, coded as #169 and the defendant's Motion for Contempt dated May 4, 1997, coded as #160.
2. On Page 4 of the decision the court states ". . . . this court believes that the lump sum payment received by the defendant in March, 1997 of $14,200 should be used as a credit against the arrearage that accrued between November 1, 1996 and January 31, 1998, totaling $5,509."
3. The court further goes on to state at the bottom of Page 4 "2. The retroactive payment made to the defendant as representative of the children is applied as a credit against the arrearage due to the defendant for past due child support for the period prior to March of 1997 and since March of 1997."
4. The defendant requests that the court articulate whether the retroactive payment of $14,200 continues to be applied as a credit against any child support obligation of the defendant after deducting the $5509 which the court has found as the accrued arrearage? This would leave a credit balance of $8691. Was it the court's intent that the retroactive payment simply extinguish the $5509 accrued arrearage and not be treated as a credit going forward? CT Page 7786
By decision dated February 10, 1998, this court found the following:
1. Plaintiff's receipt of social security disability benefits should be counted as income for purposes of determining child support.
2. Defendant's receipt of social security disability benefits, as representative payee for the two minor children of the marriage, does not extinguish or abate Plaintiff's child support obligations.
3. The $14,200 paid to Defendant as representative payee should be used towards a child support arrearage found to be $5509, leaving Plaintiff a "credit" of $8691.
4. The monthly social security payments received by Defendant as representative payee are also counted as income for purposes of determining child support.
5. The monthly social security payments received by Defendant as representative payee are treated as "credits" towards whatever child support obligation is imposed upon Plaintiff.
The issues raised in the motion for articulation appear to be one of first impression in Connecticut. The plaintiff seeks to have the remaining balance of $8691 from the retroactive payment of $14,200 applied as a credit against his present and future support obligation. The parties entered into a stipulation dated May 4, 1998, which the court approved on May 4, 1998, that pursuant to the child support guidelines, the child support amount payable by the plaintiff to the defendant is $225 per week, less a deduction of $170 per week for the social security adjustment for a direct payment of a total of $105 per week for the two minor children from the plaintiff to the defendant. The payment of this sum was to be deferred until the court renders an order on the defendant's motion for articulation.
There is an article in 34 ALR5th 447 entitled "Right to Credit on Child Support Payments for Social Security or Other Government Dependency Payments Made for Benefit of Child" that addresses in part the issues raised in the defendant's motion for articulation.
As is to be expected, there is a conflict of authority on the issue presented in the present motion for articulation. CT Page 7787
For reasons hereinafter stated, this court finds that the $8691 "credit" cannot be utilized for future or on going child support payments. Further, the $8691 "credit" is not to be returned to the plaintiff, but rather retained by the defendant.
In reaching these conclusions, this court is guided in part the child support and arrearage guidelines, as well as the rationale of decisions in other states which this court finds to be more persuasive.
The purpose of the child support guidelines are to provide uniform procedures for establishing an adequate level of support for children, and for repayment of child support arrearages subject to the ability of parents to pay. The listed purposes of the guidelines do not include the repayment of excess payments. See "Child Support and Arrearage Guidelines" book, page ii.
The child support guideline applicability is for the use in determining of all child support award amounts within the state. "Child support guidelines" is defined to mean the rules, principles, schedule, and worksheets established under these regulations for the determination of the appropriate level of current support for a child, to be used when establishing both temporary and permanent orders, whether in the initial determination of a child support order or modification of an existing order. (Emphasis provided.)
In following the procedure for determination for the amount of support found on pages 4-8 of the "Child Support Guideline" book, nowhere is there any procedure for the repayment to an obligor of any excess payments. Further, in reviewing the deviation criteria found on pages 12-15, an excess payment of support is not considered to be a deviation criteria. In Andlerv. Andler, 217 Kan. 539, 538 P.2d 649 (1975), the court, in discussing the issue of social security benefits, stated in part at page 654 as follows:
 We hold where a father who has been ordered to make child support payments becomes totally and permanently disabled, and unconditional Social Security payments for the benefit of the minor children are paid to the divorced mother, the father is entitled to credit for such payments by the government against his liability for child support under the divorce decree. The father is entitled to credit, however, only up to the extent of his obligation for monthly payments of child support, but not exceeding it. Here the excess of CT Page 7788 $61.10 paid each month must be regarded under the divorce decree as a gratuity to the children. While the $61.10 is not a gratuity in the sense that it represents the children's vested right under the insurance concept of the Social Security system, it nevertheless is a gratuity under the divorce decree to the extent it exceeds the amount ordered in the divorce decree.
In Weaks v. Weaks, 821 S.W.2d 503 (Mo.banc 1991), stated in part at pages 504 and 507 as follows:
 The parties agreed by stipulation that if Robert were not entitled to a credit for the social security disability payments to the children, his support obligation was in arrears in the amount of $6,608.10. The parties further stipulated that if a credit were appropriate, Robert was entitled to a credit in the amount of $10,335.60.
 The facts of this case manifest an additional issue not directly raised by the parties. Are excess social security benefits available to satisfy any future support obligation or any arrearage accumulated prior to the disability? The answer must be no. Any excess is deemed a gratuity to the extent that it exceeds the amount of support mandated by the decree. Andler v. Andler, 538 P.2d at 654; see also Bowden v. Bowden, 426 So.2d 448 (Ala.Civ.App. 1983); Potts v. Potts, 240 N.W.2d at 681.
This court agrees with the rationale of the above two cases and holds that the surplus sum of $8691 is in the nature of a gratuity to be retained by the defendant.
AXELROD, J.