YATES, Judge.
This is a, child-support modification case. The parties were divorced in 1987. The record indicates that one child was born of the marriage and that the father was ordered to pay monthly child support to the mother. On November 7, 1998,' the father petitioned pro se for a modification, alleging a material change in circumstances, because the child had begun receiving $259 per month from the father’s Social Security disability benefits. Following an ore tenus proceeding, at which the father was not represented by an attorney, the court, on December 23, 1998, entered the following order:
“The Court finds from the evidence that the child of the marriage, ... 13 years of age, is now drawing Social Security benefits from the disability award to the [father], in the sum of Two Hundred and Fifty-nine Dollars (259.00) per month.
“The Court further finds that based upon the child support guidelines before *890 the Court, the order of child support should be One Hundred and Seventy Dollars ($170.00) per month.
“The Court further finds that the Defendant is in arrearage in his child support in the sum of Seven Hundred Dollars ($700.00)....
“It is the order, judgment, and decree of this Court that the child support award be modified and that the [father] be given credit for Social Security payments and that having considered the Social Security payments, the Court awards a minimum child support in the sum of Fifty-one Dollars ($51.00) per month. The Court further awards the [mother] Fifty Dollars ($50.00) per month toward an arrearage of Seven Hundred Dollars ($700.00) and orders that beginning with the month of January [1999] that the [father] go forth and pay to the [mother] the sum of One Hundred Dollars ($100.00) per month through April 2000. That beginning with May of 2000, child support award will be Fifty-one Dollars ($51.00) per month.”
The father, through legal counsel, moved to alter, amend, or vacate the order, arguing that there was no evidence that he owed an arrearage; that he should be credited for the lump-sum payment of $6,500, which the child had received from the father’s Social Security benefits; and that the child support ordered by the court exceeded the amount suggested by the child-support guidelines.
Following oral testimony, the court, on March 29, 1999, entered the following amended order:
“1. The guideline child support amount in this case is $171.00 per month. The minor child of the parties is now, and for some time has been receiving some $259.00 per month in Social Security benefits arising out of [the father’s) disability. The Court, in its order of December 23, 1998, ordered [the father] to pay [the mother] $51.00 per month in current child support, and $50.00 per month on an arrearage of $700.00 which arose between March and December of 1998. [The father] argues that he should have no arrearage, nor should he have to pay any child support at all, due to the Social Security benefits the child receives;
“2. The Court is unaware of any law absolving a nori-custodial parent of the duty to support his minor child where the child is drawing Social Security due to the disability of the non-custodial parent; nor, in fact, did [the father] argue the existence of any such law, or principle of law. However, this Court, as a matter of general practice, in seeking to do equity, has eliminated the obligation to pay current support in such cases;
“3. In this case, the Court did not eliminate the [father’s] duty to pay support, but reduced it from the guideline amount of $171.00 to $51.00 due to the Social Security benefits to the' child, thus modifying the Court’s order of March 2, 1998, which set current support at $175.00 per month. One prong of [the father’s] two pronged argument is that the child received Social Security benefits for the period dating back to, and even prior to, March, 1998, in the form of a lump-sum payment received in September, 1998, and that the downward modification should be retroactive to March, 1998, thus eliminating any ar-rearage claimed by [the mother]. This Court has no duty or obligation to change an order which was valid when issued, and which was modified when circumstances indicated a modification was due. [The mother] testified that the arrearage is $675.00, not $700.00, and the Court finds that [the father] owes an arrearage to [the mother] of $675.00;
“4. The other prong of [the father’s] argument, as previously stated, is that [the father’s] support payments should have [been] eliminated altogether, rath.er than being reduced to $51.00 per month. [The mother] offered unrefuted testimony to show that the child (a) is now entering her adolescence and has increased expenses over those of a child, *891 and (b) has special needs, including a medical condition ... which requires treatment by medication costing [the mother] $165 per month. In addition, [the mother] pays the costs of family coverage in order to maintain the child on her medical insurance. In view of these factors, it is not inequitable to require [the father] to pay a minimal child support payment of $51.00 a month.”
The court ordered the father to pay to the mother $51 per month as current child support and $50 per month toward the $675 arrearage. The father argues that because the child already receives Social Security benefits that exceed the amount of support he would be required to pay under the child-support guidelines, the trial court erred in requiring him to pay $51 per month in current child support and an additional $50 per month toward an ar-rearage. We agree.
This court has held that a noncustodial parent will receive full credit for his or her child-support obligation for payments received by a child based on that parent’s disability. Self v. Self, 685 So.2d 732 (Ala.Civ.App.1996). If the payment exceeds the amount required under the child-support guidelines, we find no basis for an additional payment by the parent. In Self, this court stated:
“This court has held that ‘[a]n order of support is for the benefit of the children ... [and that,] if the sum directed to be paid by the father is paid by the government through social security benefits derived from the account of the father, the purpose of the order has been accomplished.’ Binns v. Maddox, 57 Ala.App. 230, 232, 327 So.2d 726, 728 (Ala.Civ.App.1976). Thus, in Binns, this court held that the father was entitled to be credited with such payments against his court-ordered child support obligation. Id. This court further addressed this issue in Bowden v. Bowden, 426 So.2d 448 (Ala.Civ.App.1983) which stated:
“ ‘The purpose of Social Security is the same as that of an insurance policy with a private carrier, wherein a parent
insures against death or loss of physical ability to fulfill moral and legal obligations to dependent children. The premiums on such insurance may be said to have been paid either by the parent or by the parent and [the] employer....
‘“The Supreme Court of the United States has referred to the Social Security system as social insurance and has said the right to the benefits is in one sense earned. It only seems logical to extend the holding of the cases cited to the facts of this case. We ' therefore hold that the death benefits paid to [the child] from the Social Security account of his deceased father may be credited against the monthly obligations under the agreement of [his] parents.’ Id. at 450.
“This court more recently affirmed the Bowden rationale in Crawford v. Bullock, 587 So.2d 363 (Ala.Civ.App. 1991), which stated, ‘The father claims a credit for Social Security payments against child support due. On the authority of Binns, [supra], we agree that such a credit should be allowed.’
[[Image here]]
“... We hold that Binns is controlling and that the trial court abused its discretion in denying the father a credit against his child support obligation for the Social Security payments received by the sons. In making this ruling, we reiterate our stance in Crawford, in which we explained that our decision does not serve to terminate the father’s child support obligation, but rather holds that he is entitled to a credit against that obligation for as long as the payments continue. The father’s Social Security income indicates that he would be able to contribute to the children’s support should their Social Security benefits be discontinued. Thus, his obligation is discharged only as long as, and to the extent that, the Social Security payments exceed his child support obligation.”
*892 Id. at 734-35 (citations omitted) (emphasis added); see also Harbison v. Harbison, 688 So.2d 876 (Ala.Civ.App.1997).
After reviewing both the December 1998 and the March 1999 orders, we conclude that the trial court did not provide the father with sufficient credit for the Social Security benefits the child receives based on the father’s disability. The trial court stated that the father’s monthly obligation based on the child-support guidelines is $171; the child currently receives $264 in Social Security benefits. If the court determined that an additional $51 was required to meet the increased needs of the child, then the current $264 payment to the child would cover this increased amount, without an additional payment from the father. We conclude that the trial court erred in requiring an additional $51 payment from the father. Accordingly, we reverse that portion of the court’s judgment and remand the case for the court to issue an order consistent with this opinion.
We note a trial court’s discretion in determining the amount of a child-support arrearage, including the grant or refusal of a credit; however, a “trial court may allow a credit to the obligated parent upon proof that monetary support was actually provided.” Vlahos v. Ware, 690 So.2d 407, 410 (Ala.Civ.App.1997); see also State ex rel. Burt v. Morgan, 716 So.2d 729 (Ala.Civ.App.1998). The court stated in its March 1999 order that the $700 arrearage was based on nonpayment of support from March through December 1998; however, the Department of Human Resources caseworker testified that the child had received several lump-sum payments totaling over $6,598, which covered child support owed from 1996 through 1998, and the mother stated that the child had begun receiving monthly payments of $259 as of December 1998. Because we cannot determine if the arrearage was properly calculated or if the father was credited for the lump-sum payments received by the child, we reverse that portion of the judgment assessing an arrearage of $675 and remand the case for further proceedings.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.
ROBERTSON, P.J., and MONROE and THOMPSON, JJ., concur.
CRAWLEY, J., concurs in the result.