THOMAS, Judge,
concurring in the result but dissenting as to the instructions on remand.
I concur with the main opinion that the trial court erred when it focused on the period during which the mother had pen-dente lite custody of the children when it considered the disruptive effect of transferring custody of the children from the father to the mother. I dissent, however, from the main opinion insofar as it holds that, on remand, the trial court can consider the circumstances surrounding the mother’s custody of the children pursuant to the pendente lite award.
The mother was awarded pendente lite custody of the children while the father, who was an active-duty member of the United States Army, was deployed to Iraq; the father’s military deployment served as the basis for the trial court’s pendente lite custody order. Allowing the trial court to use the circumstances surrounding the mother’s pendente lite custody of the children while the father was deployed oversees would disadvantage the father solely because of his military service — a result that I find inequitable. Thus, I would instruct the trial court on remand to exclude the evidence from the period when the mother was exercising pendente lite custody of the children.
The main opinion holds that, because the father did not argue that the trial court could not consider the circumstances surrounding the mother’s pendente lite custody of the children because it would be inequitable to the father, “we are not permitted to even consider the point raised by the dissent as a ground for reversing the trial court’s judgment.” 60 So.3d at 919. However, I do not raise this argument as an alternate basis for reversing the trial court’s judgment; I raise it only as a clarification of what action the trial court should take on remand. This court is not always limited strictly to the precise legal arguments of the appellant in crafting our instructions on remand. See, e.g., Self v. Self, 685 So.2d 732, 736 (Ala.Civ.App.1996) (instructing the trial court on remand to take the father’s expenditures for medical bills or insurance into consideration when fashioning its award of child support, as required by Rule 32(C), Ala. R. Jud. Admin., despite the lack of any mention that an argument concerning that specific issue *921 was raised). Indeed, following the logic of the main opinion, this court would be constrained to expressly instruct the trial court to take an action that we know to be in error because the father — the appellant in this case — did not make a specific legal argument concerning that issue.
Moreover, I do not agree that the father did not sufficiently raise the argument in his brief to this court. The sum and substance of the father’s argument concerning this issue is that the trial court had improperly considered the circumstances surrounding the mother’s pendente lite custody of the children, as part of his broader argument that the trial court had improperly relieved the mother of proving her burden under Ex parte McLendon, 455 So.2d 863 (Ala.1984) The main opinion would narrow that argument to the specific cases cited and whether the pendente lite order awarded a trial custody period, without any consideration of the surrounding equities of the case. I find this approach excessively narrow.