The parties were divorced in 1978. The divorce decree, among other things, granted the mother custody of the parties' two minor children, Michael and Aaron; ordered the father to pay $175 per month in child support for both children and to pay medical and dental bills for the children; and awarded the father liberal visitation rights.
The record reflects that since the divorce the parties have been involved in constant litigation. In October 1986, Mr. Hayes was adjudicated in contempt of court for nonpayment of child support and medical expenses; a judgment for arrearage in the amount of $6,383.86 was rendered in favor of Mrs. Hayes; and his child support obligation was increased to $700 per month. In September 1988, custody of Michael was *Page 51 
vested in Mr. Hayes; his child support obligation for Aaron was set at $350 per month, which was to increase to $450 per month upon Michael's reaching majority in July 1989; and the trial court found a remaining balance of child support arrearage since the 1986 judgment in the amount of $887.77. Neither of the above judgments were appealed.
In December 1989, a request for a "judicial determination of arrears" was filed on behalf of Mrs. Hayes by the State of Alabama, which claimed that the order entered in October 1986, establishing an arrearage in child support and medical expenses, and the order entered in September 1988, establishing the remaining balance of child support owed by Mr. Hayes, were inconsistent. Subsequent to this petition, the attorney for Mr. Hayes withdrew from the case, and the assistant district attorney representing Mrs. Hayes requested and was allowed to withdraw from the case. The trial court appointed an attorney to represent Mrs. Hayes at State expense.
Thereafter, an amendment to the request for judicial determination was filed in August 1990, in which it claimed that Mr. Hayes was in arrears for child support payments; that he had not compensated Mrs. Hayes for expenditures she made on orthodontic treatment for the minor children; that due to a material change in circumstances Mrs. Hayes required an increase in child support payments; that Mr. Hayes should pay all of the college expenses for Aaron; and that Mrs. Hayes was entitled to interest on the 1986 arrearage judgment. Mr. Hayes's answer alleged that there had been no further accumulation of arrearage since the 1986 judgment was paid and that Mrs. Hayes's claim for interest was barred by res judicata.
Following an ore tenus proceeding, the trial court entered a final order which, inter alia, denied Mrs. Hayes's request for Aaron's college expenses; denied any judgment interest prior to December 1989; ordered Mr. Hayes to pay one-half of Aaron's total orthodontic expenses not to exceed $12,000 (i.e. $6,000 not including nor deducting any expenses paid by Mr. Hayes's insurance coverage); found no child support arrearage owed by Mr. Hayes; found Mr. Hayes to owe Mrs. Hayes $515.87 for medical bills on the children together with interest; and provided that Mr. Hayes could satisfy his medical expense obligation by paying the providers directly. Following the denial of a motion for new trial, this appeal was taken on behalf of Mrs. Hayes.
At the outset, we note that the trial court's judgment following an ore tenus proceeding is presumed correct unless it is so unsupported by the evidence as to be plainly and palpably wrong. Coby v. Coby, 489 So.2d 597 (Ala.Civ.App. 1986). Also, the trial court's judgment will not be reversed absent an abuse of its discretion or if its determination is plainly and palpably wrong. Murrah v. Turnipseed, 578 So.2d 1340
(Ala.Civ.App. 1991).
 I.
Initially, the State contends that the trial court abused its discretion by failing to award post-minority educational support for the minor son. In support of its contention, the State relies on Ex parte Bayliss, 550 So.2d 986 (Ala. 1989). Regarding this issue, the trial court found:
 "2. College Expenses (post-minority) for [the minor son]: This child's academic history is the text book example of the very opposite of that contemplated by Bayliss for post-minority support. His academic performance has been consistently abysmal. He has shown absolutely no aptitude or inclination for post-secondary education of any kind, either academic or technical. It would be a travesty to order [the father] to provide post-minority support therefor. . . ."
In awarding such educational support, the trial court considers all relevant factors "including primarily the financial resources of the parents and the child and the child's commitment to, and aptitude for, the requested education." Bayliss at 987 (emphasis in original).
Mr. Hayes testified that, due to the debt that he has incurred as a result of medical bills, child support payments, and possible foreclosure proceedings on property he *Page 52 
purchased in Texas, he is presently unable to pay for the minor son's college tuition. The record reflects that the minor son will not graduate from high school prior to attaining the age of majority; that he failed the eighth grade; and that, at the time of trial, he was 17 years old and in the tenth grade. Mrs. Hayes testified that she has talked to the minor son about attending college, and that due to his poor performance in high school, he received therapy and has had a tutor. Mrs. Hayes also testified that, in order to be promoted to the tenth grade, the minor son had to enroll in two summer school classes. The evidence presented in this case clearly reveals that the trial court did not abuse its discretion in failing to order Mr. Hayes to pay post-minority educational support for the minor son.
 II.
The State next argues that the trial court erred in requiring Mr. Hayes to pay only one-half of the expense of orthodontic treatment for the minor son, and in not requiring that obligation to continue after the age of majority and until the treatment is completed. The State contends that since Mr. Hayes agreed in the original divorce decree to pay all medical and dental bills incurred for the children, and that the 1988 judgment provided that Mr. Hayes shall continue to pay all "reasonable and necessary" dental and medical expenses, this constituted a modification of Mr. Hayes's obligations which he had not specifically requested.
We have held that where a party does not seek modification of the amount of child support by either written or oral petition, and the issue is not tried expressly or with the implied consent of the parties, a judgment modifying the support order is due to be reversed. State ex rel. Thompson v. Thompson,586 So.2d 7 (Ala.Civ.App. 1991).
Mr. Hayes concedes that he did not file a pleading specifically asking for a modification of his obligation to "pay all reasonable and necessary dental and medical expenses," but he points out that Rule 15(b) of the Alabama Rules of Civil Procedure, in part, provides:
 "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings."
Mr. Hayes's answer stated that "[c]osmetic orthodontic care is not insured under [his] policy" and that his obligation "should be limited to only medically necessary dental care." Mr. Hayes also maintains that the issue of orthodontic expenses was put at issue during the trial by Mrs. Hayes's implied, if not express, consent because her attorney failed to object when his attorney stated on the record that "[w]e're going to talk about college and braces." Neither was there any objection to Mr. Hayes's testimony regarding sharing the orthodontic costs with Mrs. Hayes. We find that this issue was properly before the trial court, and, after considering the evidence, we cannot hold that the trial court committed an abuse of discretion in providing that each party pay one-half of the orthodontic expense.
The State also contends that the trial court erred in not requiring that the obligation concerning medical and dental treatment continue past the age of majority and until the orthodontic treatment is completed. For this contention the State relies on Ex parte Brewington, 445 So.2d 294 (Ala. 1983). In Brewington, our supreme court expanded the definition ofchildren to include not only those under the age of majority, but also those that are dependent as a result of a physical and/or mental disability that continues to render them incapable of being self-supporting past the age of majority. The record contains no evidence that the minor son is physically or mentally disabled as contemplated by Brewington.
Consequently, we find this contention without merit.
 III.
Next, the State argues that the trial court erred in failing to enter orders for interest accrued on the prior child support and medical expense judgments.
We note that a failure to impose interest on past-due child support installments is error when the issue is properly *Page 53 
raised in the trial court. Hawkins v. Harvey, 481 So.2d 907
(Ala.Civ.App. 1985). In this case, the record does not reflect whether the 1986 judgment of $6,383.86 included interest for the past due child support payments or whether this issue was properly raised prior to December 11, 1989. Mr. Hayes contends that, since the issue of interest on arrearage was not raised prior to December 11, 1989, Mrs. Hayes is now prohibited from doing so under the doctrine of res judicata.
The trial court's judgment provided:
 "5. Interest on child support arrearage and past-due medical bill judgments established by prior orders of the circuit courts of Jefferson and Tuscaloosa Counties: The present proceedings are the first time [the mother] has sought interest on judgment amounts in this cause. The court is of the opinion that the question of interest on prior judgments is res judicata for any time prior to the present proceedings, and declines to impose judgment interest prior to December 11, 1989 (the date of the filing of the initial proceedings presently before this court)."
In Ex parte McCracken, 576 So.2d 664 (Ala. 1991), our supreme court required that the following four elements be satisfied prior to the application of res judicata:
 "First, there must be a substantial identity between the parties in the prior suit and subsequent suits. Second, there must be the same cause of action in both suits. Third, the previous case must have been decided by a court of competent jurisdiction. Fourth, the previous adjudication must have reached the merits of the case."
McCracken at 665.
We agree with Mr. Hayes that any interest which may have accumulated on past due child support payments prior to the 1986 judgment is barred under the doctrine of res judicata; however, such is not the case as to judgment interest in this case. We must reverse the trial court as to Mrs. Hayes's entitlement to judgment interest on the authority of § 8-8-10, Code 1975, and remand for a calculation and judgment accordingly. The record reflects that the judgments were paid in installments. Mrs. Hayes contends that it is possible to calculate the interest which accrued on the judgments and that the complexity of the task should not deprive her of her statutory right to judgment interest. We agree.
 IV.
Finally, the State contends that the trial court erred by providing that Mr. Hayes could continue to satisfy the mother's judgments for medical expenses by paying the providers directly, by allowing the father to pay bills sent directly to him by providers over a period of 90 days, and by failing to provide for the immediate reimbursement to the mother of the advance payment for the minor son's orthodontic treatment. The first part of this contention is without merit, because the trial court's order clearly ordered Mr. Hayes to pay directly to Mrs. Hayes the medical arrearage of $515.87 together with interest from December 11, 1989, at the rate of 12%. As to the remaining part of this contention, the State's brief fails to comply with Rule 28, Alabama Rules of Appellate Procedure, in that the State fails to cite any authority to support its contentions that the trial court erred by allowing Mr. Hayes to pay the medical providers directly and by failing to provide for immediate reimbursement of the advance payment for orthodontic treatment. Consequently, we affirm the trial court on this issue also. See Stover v. Alabama Farm Bureau InsuranceCo., 467 So.2d 251 (Ala. 1985).
The record reflects that the youngest child is now past the age of majority. After the calculation and payment of the judgment interest, the parties should soon conclude over 15 years of litigation.
The father's request for an attorney's fee on appeal is denied.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH DIRECTIONS.
THIGPEN and YATES, JJ., concur. *Page 54