Mary Alice Gild (formerly known as Mary Alice Holmes) appeals from a post-divorce judgment adverse to her. She contends that the trial court erred when it refused to award her interest on a previous judgment for a child support arrearage against her former husband, Robert James Holmes. She also contends that the trial court improperly found her in contempt of court. We affirm in part, reverse in part, and remand.
The parties were divorced in 1984. They have two children, both of whom are in the custody of the mother. In 1988, the mother petitioned for a rule nisi against the father because of his failure to pay child support and for a modification of the child support paid by the father. The father counterpetitioned for a rule nisi against the mother because of her failure to allow him visitation with the children and for a modification of his visitation schedule. On March 24, 1989, the trial court entered a judgment that reflected *Page 327 
the parties' agreement to settle the disputed issues. The parties agreed that the father owed a child support arrearage of $13,200, and he agreed to satisfy that arrearage by paying $1,000 toward the arrearage in April 1989 and $100 per month thereafter, in addition to his current child support, until the arrearage was satisfied. The mother was awarded a judgment against the father for $13,200. The parties also agreed on modifications in the father's current child support obligation and in his visitation schedule.
In August 1989, the mother filed an action pursuant to the Uniform Reciprocal Enforcement of Support Act (URESA) and attempted to garnish the father's wages. She alleged that he had failed to pay the child support and arrearage payments due for July and August 1989. The father moved to quash the garnishment and petitioned for a rule nisi. He alleged that he was making his child support and arrearage payments in accordance with the March 1989 judgment and that the mother's actions constituted harassment. The trial court stayed the garnishment proceedings. The father then amended his petition to request custody of the children. The mother counterpetitioned, requesting various modifications of the divorce judgment. After a hearing, the trial court quashed the garnishment and denied all other relief requested by the parties.
The parties again were before the trial court in 1990, both seeking the assistance of the court in enforcing the terms of prior judgments and both requesting modifications. After a hearing, the trial court modified provisions of the judgment regarding insurance coverage, telephone communication, and visitation. The trial court also found the mother in contempt of court because of her interference with the father's visitation with the children, and it ordered her incarcerated; however, the court suspended her sentence, provided that she abide by the terms of the judgment.
In March 1991, the father filed another petition for a rule nisi and a request for pendente lite relief. The father informed the court that the mother had attempted to offset his federal income tax refund against the arrearage he still owed to her, and he alleged, among other things, that she had again attempted to frustrate his efforts at visitation with the children. He requested custody of the children. In her answer, the mother informed the court that she had filed a petition, pursuant to the Uniform Child Custody Jurisdiction Act (UCCJA), to transfer jurisdiction of the case to the Circuit Court of Isabella County, Michigan.[1] The trial court stayed the proceedings pending the outcome of the litigation in Michigan. In September 1991, the Michigan court held that it should and that it would assume jurisdiction. The Alabama trial court declined to relinquish jurisdiction to Michigan, and set the pending motions for hearing. The mother requested a continuance on the ground that she was not able to leave her military duty assignment to attend the trial as scheduled, but the trial court denied her motion. After a hearing at which the father and his counsel were present, but at which the mother was neither present nor represented by counsel, the trial court found the mother in contempt of court on the basis of a "failure to allow and facilitate visitation" on two occasions. For each offense, it sentenced her to 5 days in jail and fined her $100. The trial court then found the mother in contempt of court for "proceeding against the court's prior order not to pursue alternative methods of collection of child support arrearage in direct conflict with her agreement for collection through the payment of child support at the rate of $100.00 per month on that arrearage." The court sentenced her to 5 days in jail and fined her $100 for that offense. In its judgment of January 31, 1992, the trial court entered the citations against the mother for contempt, ordered her to pay attorney fees to the father, and further modified the divorce judgment. The mother attempted to appeal that 1992 judgment, but her appeal was untimely.
In March 1995, the father made a lump sum payment of $3,895.82 toward his arrearage *Page 328 
and then filed with the trial court a "Motion to Declare Arrearage Paid in Full." In response, the mother alleged that the arrearage was not fully satisfied because, she said, in addition to the principal due she was entitled to interest on the 1989 judgment pursuant to § 8-8-10, Ala. Code 1975.[2] In an order setting the current motions for hearing, the trial court stated that "the issue before this Court is whether the addition of interest on the child support arrearage is applicable pursuant to the agreement of the parties entered March 23, 1989." Both parties presented testimony at the hearing regarding the interest issue. During the hearing, the trial court also reviewed the 1992 judgment in which it had found the mother in contempt of court, questioning its finding of contempt based on the mother's efforts to collect the arrearage. The court entered a judgment on July 6, 1995, in which it found that the parties' agreement in 1989 constituted an integrated bargain and, therefore, it refused to award interest on the $13,200 judgment. The trial court also addressed its previous findings of contempt. The court declined to enforce the sentence based upon its finding of contempt for the mother's attempts to collect the arrearage, but it reaffirmed its findings of contempt for the mother's interference with visitation. The court reduced the mother's sentence to two jail terms of five days each and two fines of $100 each.
The mother first argues that the trial court erred in failing to award interest on the 1989 judgment for the child support arrearage. Section 8-8-10, Ala. Code 1975, provides that all judgments, other than those based upon a contract action, "shall bear interest at the rate of 12 percent per annum." The father argues that because the mother did not raise the issue of interest in 1989, and because interest on the judgment was not addressed by their agreement, she is not entitled to demand interest now. The mother maintains that she is entitled to interest on the judgment as a matter of law.
This court addressed this issue in State ex rel. Hayes v.Hayes, 620 So.2d 49 (Ala.Civ.App. 1993). In that case, Mrs. Hayes had been awarded a judgment for past due child support in 1986. In 1989, she raised the issue of interest on that judgment for the first time. The trial court refused to award interest, and the State appealed on behalf of Mrs. Hayes. In reversing, we stated:
 "We agree with Mr. Hayes that any interest which may have accumulated on past due child support payments prior to the 1986 judgment is barred under the doctrine of res judicata; however, such is not the case as to judgment interest in this case. We must reverse the trial court as to Mrs. Hayes's entitlement to judgment interest on the authority of § 8-8-10, Code 1975, and remand for a calculation and judgment accordingly. The record reflects that the judgments were paid in installments. Mrs. Hayes contends that it is possible to calculate the interest which accrued on the judgments and that the complexity of the task should not deprive her of her statutory right to judgment interest. We agree."
620 So.2d at 53. This court has made it clear that judgments for child support arrearages are to bear interest. See, e.g.,State Dep't of Human Resources ex rel. McGhee v. McGhee,634 So.2d 573 (Ala.Civ.App. 1994); McDavid v. McDavid,627 So.2d 446 (Ala.Civ.App. 1993); Hawkins v. Harvey, 481 So.2d 907
(Ala.Civ.App. 1985). The fact that the parties did not specifically address the issue of interest in their 1989 agreement does not void the mother's clear entitlement to post-judgment interest on the 1989 judgment, which she has as a matter of law.
That portion of the judgment regarding interest is hereby reversed, and the cause is remanded to the trial court for calculation of post-judgment interest on the 1989 judgment for child support arrearage. *Page 329 
The mother next argues that the trial court erred when it found her in contempt of court. She contends that, because the trial court readdressed the contempt findings in its 1995 judgment, she is entitled to appeal from that aspect of the judgment as well as the refusal to award interest. We disagree. A trial court possesses an inherent power over its own judgments that authorizes it to interpret, clarify, implement, or enforce those judgments. Grayson v. Grayson, 628 So.2d 918
(Ala.Civ.App. 1993); Patterson v. Patterson, 518 So.2d 739
(Ala.Civ.App. 1987). Here, the trial court merely decided not to enforce a portion of the 1992 judgment in which it had found the mother to be in contempt of court, and then clarified her sentence for the two remaining offenses. In so doing, the court did not transform the 1992 judgment into an appealable order three years after its entry.
The mother raises other issues involving alleged abuses of the trial court's discretion over the years. None of those alleged abuses occurred in the 1995 judgment; therefore, any effort now to raise them on appeal comes too late and we do not address them.
That aspect of the 1995 judgment denying interest on the judgment for child support arrearage is reversed. All other aspects of the judgment are affirmed. The cause is remanded to the trial court for further proceedings consistent with this opinion.
The mother's request for an attorney fee on appeal is granted in the amount of $500. The father's request for an attorney fee on appeal is denied.
The foregoing opinion was prepared by SAM A. BEATTY, Retired Justice, Supreme Court of Alabama, while serving on active duty status as a judge of this court under the provisions of §12-18-10(e), Ala. Code 1975.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and YATES and CRAWLEY, JJ., concur.
[1] The mother is an officer in the United States Army. She was stationed in Michigan for several years after she and the father divorced.
[2] After obtaining the 1989 judgment for the child support arrearage, the mother recorded it in the office of the judge of probate of Madison County, where the father owned real property. After the father made the lump sum payment in March 1995, his attorney recorded in that probate office a "Notice of Payment in Full." The mother states that she has sued the father and his attorney in the Circuit Court of Madison County, alleging that they improperly "satisfied" her judgment of record. That litigation is not relevant to this appeal.