Rel: August 2, 2024

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## SPECIAL TERM, 2024

--------------------

## CL-2024-0434

--------------------

**Ex parte D.B. and A.B.**

**PETITION FOR WRIT OF MANDAMUS**

**(In re: In the matter of I.B.)**

**(Blount Juvenile Court:  JU-23-56.01)**

EDWARDS, Judge.

D.B. and A.B. ("the custodians") seek a writ of mandamus directing the Blount Juvenile Court ("the juvenile court") to set aside its May 21, 2024, order.  That order determined that an August 9, 2023, order of the juvenile court awarding the custodians legal custody of I.B. ("the child")

was not a final judgment and was therefore an award of pendente lite legal custody that was subject to reconsideration by the juvenile court at an adjudicatory hearing regarding the dependency petition that had been filed by the Blount County Department of Human Resources ("DHR") in February 2023. The materials provided in support of both the petition for the writ of mandamus filed by the custodians and the answers to the petition filed by DHR and the child's guardian ad litem provide the following procedural history of the dependency action involving the child.

On February 2, 2023, DHR filed in the juvenile court a petition seeking to have the child, who is the child of C.F. ("the father") and S.B. ("the mother"), declared dependent. On February 17, 2023, the juvenile court awarded DHR custody of the child pending an adjudicatory trial, which the juvenile court set for May 11, 2023. The juvenile court continued the trial to August 3, 2023. On August 3, 2023, the custodians, DHR, the child's guardian ad litem, and the father entered into an agreement, pursuant to which the father admitted the dependency of the child and was awarded supervised visitation. The written agreement reflected that the mother was not present at the August 3, 2023, trial,

and was also apparently not represented by counsel. The agreement also contained the following provision: "Review hearing to be set in 60 days. If all requirements for reunification are not completed, case will be closed." Attached to the agreement is a document bearing the title "Reunification Plan," which contains a list of various tasks. The juvenile court entered what it entitled "Order for Dependency and Custody" on August 4, 2023; however, it amended that order on August 9, 2023, to include a specific finding of dependency, which had inadvertently been omitted from the August 4, 2023, order. The August 9, 2023, "Order for Dependency and Custody" incorporated the provisions set out in the August 3, 2023, agreement and contained the following provisions from the "Reunification Plan" appended to the August 3, 2023, agreement:

> "To reunite with the minor child, the parents shall comply with the following:
>
> > "1. Maintain a close, loving relationship with the minor child by consistent and frequent telephone contact and visitation;
> >
> > "2. Establish and maintain a safe, stable home and lifestyle without domestic violence, drug or alcohol abuse for reasonable length of time;

"3. Submit to random drug testing on color code at his/her own expense and provide test results to the Court and DHR;

"4. Successfully complete parenting classes through a court approved provider;

"5. Submit to a psychological evaluation and follow all recommendations of said evaluation;

"6. Attend individual and/or family counseling through a court approved provider;

"7. Comply with Individual Service Plan ('ISP') implemented by DHR;

"8. Maintain stable employment and show an ability to provide for said child financially;

"9. Obey all state, federal and local laws;

"10. Resolve any outstanding criminal matters;

"11. Keep the Court and custodians advised of his/her current address and telephone number;

"12. Obtain a favorable home study (if residing outside Blount County);

"13. Petition for Return of Custody."

In addition, the August 9, 2023, amended "Order for Dependency and Custody" stated: "Review hearing remains set October 30, 2023, at 9:00

4

a.m. in Blount County Juvenile Court …. Case shall be closed at said hearing if all requirements for reunification plan are not completed."

In September 2023, the juvenile court entered an order incorporating an agreement of the custodians, DHR, the child's guardian ad litem, and the father respecting the father's visitation. The September 2023 order specifically stated that all other provisions of the August 9, 2023, "Order for Dependency and Custody" remained in full force and effect. In addition, the juvenile court reiterated that the case was set for a review hearing on October 23, 2023. The case-action-summary sheet contained in the materials does not reflect whether the October 23, 2023, review hearing was held or continued, but the parties indicate that it was not held.

On October 31, 2023, the father filed a motion to hold the custodians in contempt, which the juvenile court set for a hearing to be held on January 8, 2024. The juvenile court reset the contempt hearing for March 4, 2024, April 22, 2024, and April 29, 2024. At the April 29, 2024, contempt hearing, the father apparently made an oral motion to set aside the August 9, 2023, "Order for Dependency and Custody." On May 6,

2024, the child's guardian ad litem filed a brief in support of the father's oral motion. The guardian ad litem contended in her brief in support of the father's motion that the father was entitled to relief from the August 9, 2023, "Order for Dependency and Custody" pursuant to Rule 60(b)(6), Ala. R. Civ. P., because, she said, the order had inadvertently been titled "Final Order for Dependency," which, she said, was a mistake entitling the father to relief from the August 9, 2023, "Order for Dependency and Custody" based on "aggravating circumstances." She concluded her brief in support of the father's oral motion with the following statement: "While it may have taken [eight] months for counsel for the biological father, the Guardian ad Litem, and counsel for [DHR] to realize they had been operating under a Final Order inadvertently, this is the exact reason Rule 60(b) was created."

The custodians responded to the father's oral motion and the child's guardian ad litem's brief in support of the father's oral motion. They argued that Rule 60(b) could not be applied to relieve the father of the operation of the August 9, 2023, "Order for Dependency and Custody" based on his allegation that he had not understood that order to have

6

been a final judgment because the Rule 60(b) motion had been filed more than four months after the entry of that order. See Rule 60(b) (stating that "[t]he motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than four (4) months after the judgment, order, or proceeding was entered or taken). The custodians also relied on Gray v. Bain, 164 So. 3d 553 (Ala. 2014) (plurality opinion), to argue that, because the father had entered into an agreement that resulted in the entry of the August 9, 2023, "Order for Dependency and Custody," Rule 60(b) could not provide him relief for mere mistake or inadvertence.[1]

---

[1]The opinion in Gray provides:

" 'Rule 60(b)(1)[, Fed. R. Civ. P.,] authorizes the court to give relief from a judgment, order, or proceeding for "mistake, inadvertence, surprise, or excusable neglect," ' but 'judgments entered as a result of settlements may be reopened [only] when fraud or mutual mistake is shown.' 11 Charles Alan Wright, Arthur K. Miller & Mary Kay Kane, Federal Practice & Procedure § 2858 (2012). The reason for this is that, although a mutual mistake of fact will permit a court to reform or rescind a binding settlement agreement, a unilateral mistake does not justify such relief. 'Unilateral mistakes do not support reformation (absent some fraud or misrepresentation). Moreover, one party is not customarily charged to know what is on the other party's mind, so as to concoct some constructive mutual mistake where there is but

7

On May 21, 2024, the juvenile court entered an order purporting to grant the father relief from the August 9, 2023, "Order for Dependency and Custody" pursuant to Rule 60(b)(1) and Rule 60(b)(6). In that order, the juvenile court explained that "the intention of the parties, as reflected by the agreement on August 3, 2023, which was the basis for this Court's August 9, 2023, order was for the April 29, 2024, hearing to be an adjudication hearing for the purposes of determining a final disposition of custody." The juvenile court also stated that "[t]he fact that the August 9, 2023, order was styled in a way that would normally indicate, in this jurisdiction, a final determination of custody, was unintentional and in error." The custodians then filed this timely petition for the writ of mandamus, seeking review of the May 21, 2024, order.

> "'"Mandamus is a drastic and extraordinary writ, to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court."'"

---

> a unilateral mistake.' 27 Richard A. Lord, <u>Williston on Contracts</u> § 70:109 (4th ed. 2003)."

164 So. 3d at 564 (plurality opinion) (footnote omitted).

8

Ex parte A.M.P., 997 So. 2d 1008, 1014 (Ala. 2008) (quoting Ex parte Perfection Siding, Inc., 882 So. 2d 307, 309-10 (Ala. 2003), quoting in turn Ex parte Integon Corp., 672 So. 2d 497, 499 (Ala. 1995)).

In their mandamus petition, the custodians argue that the father's Rule 60(b) motion sought relief on the basis of inadvertence or mistake and, therefore, they say, the father's motion was not timely filed within four months of the entry of the August 9, 2023, "Order for Dependency and Custody." The custodians also argue that the father provided no proof that aggravating circumstances existed such that he would be entitled to relief under Rule 60(b)(6). Finally, they again invoke the holding of Gray to argue that the father would not have been entitled to relief pursuant to Rule 60(b)(1) based solely on mistake because he had voluntarily entered into the August 3, 2023, agreement that was incorporated into the August 9, 2023, "Order for Dependency and Custody."

The custodians have presented a compelling argument against the ability of the juvenile court to have utilized Rule 60(b) nine months after the entry of the August 9, 2023, "Order for Dependency and Custody,"

9

but we are not able to grant their petition. Although the juvenile court purported to grant relief pursuant to Rule 60(b), what it actually did was to interpret and clarify the August 9, 2023, "Order for Dependency and Custody." "A trial court possesses an inherent power over its own judgments that authorizes it to interpret, clarify, implement, or enforce those judgments." Gild v. Holmes, 680 So. 2d 326, 329 (Ala. Civ. App. 1996). The question that the father's oral motion to set aside the August 9, 2023, "Order for Dependency and Custody" raised was whether that order was, in fact, a <u>final disposition</u> of the child's custody or whether further proceedings were envisioned before a final disposition of custody would be made. In its May 21, 2024, order, the juvenile court determined that the August 3, 2023, agreement incorporated into the August 9, 2023, "Order for Dependency and Custody" reflected the intent of the parties that the final disposition of custody was to be made at or after the review hearing, which was originally set for October 2023 but was finally held in April 2024. In addition, the juvenile court clarified that any language that might have indicated that the August 9, 2023, "Order for Dependency and Custody" was intended to be a final dispositional order

had been mistakenly used and that the order was not intended to accomplish a final disposition of the child's custody.

As both this court and our supreme court have recognized, "unlike other civil cases, dependency and termination-of-parental-rights proceedings may involve multiple 'final' appealable orders before the juvenile case is closed." Ex parte T.C., 96 So. 3d 123, 130 (Ala. 2012). As we explained in S.P. v. E.T., 957 So. 2d 1127, 1131 (Ala. Civ. App. 2005):

> "Unlike many other types of cases, dependency proceedings often involve a series of appealable dispositional custody orders. Eventually the trial court enters an order in a dependency proceeding that is intended to be its 'final' dispositional order as to the pending case, i.e., a custodial placement that is intended to be permanent, to the extent custody awards can be permanent. See Ex parte J.P., 641 So. 2d [276,] 278 [(Ala. 1994)] ('by its very nature, custody is always temporary and never permanent' because it is always subject to change based upon an appropriate petition and evidence). Under ideal circumstances, such final dispositional orders coincide with the end of the child's dependency, i.e., the child has a proper custodian 'and' is no longer 'in need of care or supervision' by persons other than the custodian. ... In other words, under ideal circumstances, the final dispositional order results in a custody award wherein the parent or custodian is able and willing to have the care, custody, and control of the child, free from any intervention or supervision by the state under the dependency statutes."

In one sense, the custodians are correct that the August 9, 2023, "Order for Dependency and Custody" was a "final" judgment; that is, the August 9, 2023, "Order for Dependency and Custody" was final for purposes of appeal. "Under our caselaw, a formal determination by a juvenile court of a child's dependency coupled with an award of custody incident to that determination will give rise to an appealable final judgment even if the custody award is denominated as a 'temporary' award and further review of the case is envisioned." J.J. v. J.H.W., 27 So. 3d 519, 522 (Ala. Civ. App. 2008). However, the language in the August 9, 2023, "Order for Dependency and Custody" setting out certain tasks for the father to complete before the scheduled October 2023 review hearing, coupled with the statement that the father's failure to complete the reunification plan by the date of the review hearing would result in the closing of the case, compels the conclusion that further review of the reunification efforts of DHR and the progress of the father was clearly contemplated. That language therefore supports the juvenile court's conclusion that the disposition of custody in the August 9, 2023, "Order for Dependency and Custody," was not intended, at that time, to be the

final, or "permanent," disposition of the child's custody. Accordingly, we deny the custodians' petition for the writ of mandamus.

PETITION DENIED.

Moore, P.J., and Hanson, Fridy, and Lewis, JJ., concur.