PITTMAN, Judge.
This matter comes to us on appeal from the trial court’s order in a divorce case.
On December 1, 1999, Carol J. Earheart filed a complaint for divorce and a motion for a restraining order against Joel Earh-eart. In the complaint, the wife alleged that the parties were incompatible and that the husband had committed acts of domestic violence upon her. The wife asked for custody of the couple’s natural daughter and of her natural son, whom the husband had adopted. The wife also sought the following: an award of child support; an award of periodic alimony; an award of alimony in gross; division of the marital estate; payment of her health insurance; one-half of the husband’s retirement funds; and the designation of both children as irrevocable beneficiaries of the husband’s life-insurance policy until the daughter finished her education. The husband answered the complaint, denying the wife’s allegations, and cross-claimed for divorce based upon incompatibility. The husband also sought custody of both children, an award of child support, and an equitable division of the marital estate. The matter was tried, and the trial court entered its judgment on November 7, 2000. The wife appeals.
The wife makes three arguments on appeal. First, she alleges the trial court abused its discretion in its division of the marital estate. Second, she alleges that the trial court abused its discretion in failing to award her alimony. Last, she alleges the trial court’s award of child support is insufficient.
Both parties recognize that under Alabama law, we review the issues of property division and periodic alimony together to determine whether a divorce judgment is equitable. See Courtright v. Courtright, 757 So.2d 453 (Ala.Civ.App.2000). Therefore, both parties have briefed the first two arguments as one and we will consider them here in the same fashion. The pertinent parts of the trial court’s order relating to marital property and to alimony are as follows:
“2. THAT the Court finds that both parties have engaged in conduct which constitutes domestic violence; hence, any presumption resulting from the same is overcome by the evidence.
[[Image here]]
“7. THAT the Court will award to the [wife] the real property commonly known as 13505 and 13515 Dauphin Island Parkway.... Further, [wife] shall pay and be responsible for any indebtedness due on said property and shall indemnify and hold [husband] harmless therefrom.
“8. THAT the Court will award to the [wife] twenty-five percent (25%) of the value of the [husband’s] retirement as of October 30, 2000,....
“9. THAT the Court will award to the [husband] the businesses known as Dolphin Line Inc., Dolphin Properties, Inc., Bayside Properties Inc. and any other business venture which he may have a *697 interest in.... Further, [husband] is to pay and be responsible for any indebtedness owed by either party to any of the corporations and shall indemnify and hold [wife] harmless therefrom.
“10. THAT the Court will award to the [wife] the furniture and furnishings in the bedrooms of the minor children. All other personal property, exclusive of the automobiles, acquired during the marriage shall be divided equally....
“11. THAT the Court will award to each of the parties the automobile the [sic] he or she customarily used during the marriage, and each party shall be responsible for the indebtedness due on their respective automobile....
“12. THAT the Court will award to the parties any financial accounts in his or her respective name.
“13. THAT the Court will order that the [wife] shall be responsible for any tax liabilities as a result of her gambling earnings.
[[Image here]]
“15. THAT the Court will reserve the issue of alimony.
“16. THAT the Court -will award the attorney of record a judgment against the [husband] in the amount of $5,000.00 as additional spousal support to be applied towards a reasonable attorney’s fee.
“17. THAT the Court will award to the [husband] a judgment against the [wife] in the amount of $585.00 representing expenses in production of documents.”
When evidence is presented ore tenus in a divorce case, the judgment of the trial court is presumed correct, and this court will not reverse that judgment absent a finding of a plain and palpable abuse of discretion. Brannon v. Brannon, 477 So.2d 445 (Ala.Civ.App.1985). The factors that a trial court considers in making a property division include each spouse’s earning ability, age, health, and conduct, and the length of marriage. Welch v. Welch, 636 So.2d 464 (Ala.Civ.App.1994). A property division does not have to be equal to be equitable. Sketo v. Sketo, 608 So.2d 759 (Ala.Civ.App.1992).
The testimony in this case as to each of the factors listed above is contradictory. The wife alleges a great disparity in earning ability; she says the husband makes over $200,000 per year and she has no marketable job skills. The husband counters that his last annual paycheck was for $155,000, less various corporate taxes that were due based on his business’s having pass-through tax liability; he also notes that the wife testified that she had made approximately $125,000 in 1999 playing blackjack. Additionally, the husband notes that the wife, before their marriage, owned and ran a restaurant and had managerial and entrepreneurial skills.
The wife claims to have back problems and to suffer from panic attacks; she further claims that her health problems will hinder her employment capabilities. The husband notes that no medical evidence was offered as to the wife’s alleged medical problems and that there was no testimony that these alleged medical problems would hinder her ability to work.
Both parties had been previously married and were married to each other for 13 years.
The wife admits to misconduct in the marriage, but claims the husband’s misconduct, centering around allegations of abuse, was greater and more egregious than her misconduct. The husband notes that not only did the wife engage in physical abuse, but that she embezzled substantial sums from the husband’s company, where she worked, to pay her gambling debts.
*698 A close review of the record reveals that this is exactly the type of divorce case that the ore tenus presumption is so adept at addressing. The trial court had the opportunity to observe the witnesses, their demeanor, and to weigh the veracity of their testimony as well as their documentary evidence. We find no error on the part of the trial court as to the property division or the reservation of the issue of periodic alimony.
The only other issue on appeal is whether the trial court abused its discretion in its award of child support. The wife alleges that the trial court’s award of $1,500 per month for two children is less than the amount the Rule 82, Ala. R. Jud. Admin., child-support guidelines call for, and that the husband should pay additional sums because he has the financial capability to do so. Her contention is without merit. First, the husband is paying the amount under the child-support guidelines that two parents, combined, would pay for two children when the parent’s combined income exceeds the uppermost limits of the guidelines. Second, we have previously held that a child-support payment based solely on the ability of the noncustodial parent to pay is impermissible, and that a judgment ordering such a payment is an abuse of discretion by the trial court. Dyas v. Dyas, 688 So.2d 971 (Ala.Civ.App.1995).
For the above-mentioned reasons, the judgment of the trial court is due to be affirmed.
Both parties’ requests for an attorney fee on appeal are denied.
AFFIRMED.
THOMPSON, J., concurs in the result.
YATES, P.J., and MURDOCK, J., concur in part and dissent in part.
CRAWLEY, J., concurs in the result in part and dissents in part.