PITTMAN, Judge.
This appeal, which arises from a postdi-vorce proceeding between William Clyde Adams, Sr. (“the father”), and Phoebe Nicole Adams (“the mother”), presents a question of first impression: whether a noncustodial father who is required by the *196 terms of a divorce judgment to pay child support, and who later reaches retirement age and receives Social Security retirement benefits, is entitled to credit against his child-support obligation the child’s Social Security dependent benefits. The circuit court disallowed the credit; we reverse and remand.

Facts and Procedural History

The parties were divorced in March 2007, when the child was less than two years old. At the time of the divorce, the mother’s gross monthly income was $4,166.67, and the father’s gross monthly income was $100,000; their combined incomes exceeded the uppermost income level of the child-support schedule in effect. See Rule 32, Ala. R. Jud. Admin. (Appendix). The divorce judgment incorporated the parties’ agreement, which, among other things, provided that the father would pay $2,000 per month in child support, an amount that, the parties stipulated, had not been calculated according to the child-support schedule but, they agreed, was “fair and reasonable” and “sufficient to provide appropriately for the minor child’s care and support.” The parties also agreed that the father would (a) pay for private-school tuition, books, fees, and other school-related expenses beginning when the child enrolled in kindergarten, (b) provide health-insurance coverage for the child, (c) establish a trust fund for the child, and (d) establish a “529” college-savings plan for the child.[1] It is undisputed that, since the time of the divorce, the father has been paying $2,000 per month in child support, $892 per month for a family health-insurance plan that covers the child, and annual school-related expenses totaling $6,294.50 for the child. In addition, he has been regularly contributing to the child’s trust fund and 529 plan.
In December 2009, the father filed a petition seeking to modify the divorce judgment, asserting various grievances that are not at issue on appeal and seeking a finding of contempt against the mother. The mother answered and counterclaimed, seeking, among other relief, an increase in child support. In 2010, the father, who was still working and earning income, reached 66 years of age and began receiving Social Security retirement benefits in the amount of $2,326 per month. Pursuant to 42 U.S.C. § 402(d)(2), the child became eligible for Social Security dependent benefits equal to one-half of the father’s benefits.[2] In November 2010, the mother, as the child’s representative payee, began receiving Social Security dependent benefits in the amount of $1,163 per month for the child.
In December 2010, the father filed a petition to modify the child-support provision of the divorce judgment, asserting that he was entitled to a dollar-for-dollar reduction in his child-support obligation corresponding to the amount of the child’s *197 dependent-benefits payment. The mother answered and denied that the father was entitled to a child-support credit.
On February 1, 2011, the parties reached a settlement of all disputed matters except child support; they agreed to submit that issue to the circuit court for resolution upon stipulations and documentary evidence. The parties stipulated to the following matters: the father’s current gross monthly income, including employment income, nonemployment income, and Social Security retirement benefits, was $101,485 — an increase of $1,485 since the date of the divorce; the mother’s current gross monthly employment income was $2,666 — a decrease of $1,500.67 since the date of the divorce; the mother’s monthly expenses were $5,205.50 — an amount that had not increased since the time of the divorce and that included monthly payments totaling $899 on 7 credit cards; the father’s annual expenditures for the child, over and above his monthly child-support obligation and excluding his trust-fund and 529-plan contributions, amounted to $8,294.50 — $2,400 of which he attributed to clothing, shoes, and toys for the child, with the remainder being school-related expenses.
The circuit court received no testimonial evidence. It decided the case on the briefs and arguments of counsel. On March 11, 2011, the circuit court entered a judgment denying the mother’s request for an increase in child support and denying the father’s request to credit the child’s dependent benefits against his child-support obligation, following which the father timely appealed.

Standard of Review

“The trial court in this case applied the law to undisputed, stipulated facts. Our review therefore is de novo.
“ ‘ “When reviewing a case in which the trial court sat without a jury and heard evidence in the form of stipulations, briefs, and the writings of the parties, this Court sits in judgment of the evidence; there is no presumption of correctness. Old Southern Life Ins. Co. v. Williams, 544 So.2d 941, 942 (Ala.1989); Craig Constr. Co. v. Hendrix, 568 So.2d 752, 756 (Ala.1990). When [an appellate court] must determine if the trial court misapplied the law to the undisputed facts, the standard of review is de novo, and no presumption of correctness is given the decision of the trial court. State Dep’t of Revenue v. Garner, 812 So.2d 380, 382 (Ala.Civ.App.2001); see also Ex parte Graham, 702 So.2d 1215 (Ala.1997). In this case the trial court based its decision upon the stipulations, briefs, writings, and arguments of the parties’ attorneys. No testimony was presented. Therefore, we must sit in judgment of the evidence, and the trial court’s ruling carries no presumption of correctness.” ’ ”
Town of Westover v. Bynum, 68 So.3d 840, 842 (Ala.Civ.App.2011) (quoting American Res. Ins. Co. v. H & H Stephens Constr., Inc., 939 So.2d 868, 872-73 (Ala.2006), quoting in turn Bean Dredging, L.L.C. v. Alabama Dep’t of Revenue, 855 So.2d 513, 516-17 (Ala.2003)).

Discussion

This court has held that a child-support obligor is entitled to credit, against his or her child-support obligation, the Social Security dependent benefits that a child receives on account of the obligor’s disability. See Harbison v. Harbison, 688 So.2d 876 (Ala.Civ.App.1997); Self v. Self, 685 So.2d 732 (Ala.Civ.App.1996); and Binns v. Maddox, 57 Ala.App. 230, 327 So.2d 726 (Civ.App.1976). We have also held that the estate of a child-support obligor is *198 entitled to a credit for Social Security benefits that a child receives on account of the obligor’s death. See Bowden v. Bowden, 426 So.2d 448 (Ala.Civ.App.1983). We have not, however, addressed the issue presented in this case — whether a child-support obligor is entitled to a credit for Social Security dependent benefits that a child receives on account of the obligor’s receiving Social Security retirement benefits.
There is a split of authority on that issue, with a majority of states holding that an obligor is entitled, as a matter of law, to a credit for dependent benefits, irrespective of whether those benefits are paid on account of the obligor’s death, disability, or retirement. See generally Michael A. DiSabatino, Annot., Right to Credit on Child Support Payments for Social Security or Other Government Dependency Payments Made for Benefit of Child, 34 A.L.R.5& 447, §§ 9-11 (1995). “The rationale for [the majority] view is that such benefits have been generated by the obligor parent’s own earnings. If Social Security benefits are viewed as a parent’s own earnings, the payments should be properly applied as a substitute for support payments from the obligor’s wage earnings.” Rebecca Spencer, Comment, Using Social Security Benefits as a Credit Towards a Child Support Obligation, 16 J. Am. Acad. Matrimonial Law. 223, 223 (1999). See also Tori R.A. Kricken, Child Support and Social Security Dependent Benefits: A Comprehensive Analysis and Proposal for Wyoming, 2 Wyo. L.Rev. 39, 62-63 (2002) (stating that the “majority view regards social security benefits as ‘earnings’ of the contributing parent that have been ‘invested’ in an insurance-type system. For this reason, benefits paid to a child on the parent’s behalf should be credited toward child support obligations as would be an insurance payout.”). That rationale applies equally to dependent benefits paid on account of the obligor’s death, disability, or retirement. See, e.g., In re Marriage of Belger, 654 N.W.2d 902, 907 (Iowa 2002) (noting that “ ‘[although most of the relevant cases from other states have addressed the issue in the context of social security disability benefits rather than retirement benefits — the type of benefits at issue here — there appears to be no theoretical basis for distinguishing between the two types of payment’ ”) (quoting Miller v. Miller, 890 P.2d 574, 577 (Alaska 1995)).
Alabama cases have adopted the “earnings” and “insurance” rationale for allowing a credit against child support for Social Security dependent disability or death benefits. In Binns, supra, we stated:
“ ‘Social Security disability payments represent money which an employee has earned during his employment and also that which his employer has paid for his benefit into a common trust fund under the Social Security Act. 42 U.S.C. § 301 et seq. These payments are for the purpose of replacing income lost because of the employee’s inability to work upon becoming disabled. Thus, these payments substitute for income.’...”
57 Ala.App. at 233, 327 So.2d at 728 (quoting Horton v. Horton, 219 Ga. 177, 178, 132 S.E.2d 200, 201 (1963)). In Bowden, supra, we stated:
“[T]he purpose of Social Security is the same as that of an insurance policy with a private carrier, wherein a parent insures against death or loss of physical ability to fulfill moral and legal obligations to dependent children. The premiums on such insurance may be said to have been paid either by the parent or by the parent and [the] employer. The benefits of Social Security are not gratuitous. The terms of ‘insured,’ ‘insurance,’ and ‘beneficiary’ are used *199 throughout the Social Security Act. 42 U.S.C.A. Chapt. 7.
“The Supreme Court of the United States has referred to the Social Security system as social insurance and has said the right to the benefits is in one sense earned. Flemming v. Nestor, 363 U.S. 603, 80 S.Ct. 1367, 4 L.Ed.2d 1435 (I960).”
426 So.2d at 450. See also Brazeal v. Brazeal, 756 So.2d 889, 891 (Ala.Civ.App.1999); Self, 685 So.2d at 734. Accord Miller v. Miller, supra:
“Courts have been careful to point out that, unlike welfare and other forms of public assistance, social security benefits represent contributions that a worker has made throughout the course of employment; in this sense, benefits represent earnings in much the same way as do annuities paid by an insurance policy.
“ ‘The payments prescribed by [the Social Security Act] are not gratuities or matters of grace; they are not public assistance; they are not welfare payments. On the contrary, the law created a contributory insurance system, under which what in effect constitute premiums are shared by employees and employers. Consequently, in spirit at least, if not strictly and technically, the employee, who throughout his working life has contributed part of the premiums in the form of deductions from his wages or salary, should be deemed to have a vested right to the payments prescribed by the statutory scheme, which in effect comprises the terms of the insurance policy. He has earned the benefits; he is not receiving a gift.”’
890 P.2d at 576-77 (quoting Schmiedigen v. Celebrezze, 245 F.Supp. 825, 827 (D.D.C.1965)).
There appear to be two minority views on the issue of whether an obligor is entitled to a child-support credit for dependent retirement benefits. Some states have adopted a case-by-case approach, leaving the matter to the discretion of the trial court. See, e.g., Thompson v. Thompson, 868 N.E.2d 862, 868-69 (Ind.Ct.App.2007) (stating that “the proper treatment of the Social Security retirement benefits received by a child in calculating child support should be left to the sound discretion of the trial court”); Anderson v. Anderson, 117 Md.App. 474, 476, 700 A.2d 844, 845 (1997), judgment vacated on other grounds, 349 Md. 294, 708 A.2d 296 (1998) (holding that Social Security benefits received directly by a dependent child as a result of the parent’s retirement do not offset such parent’s child-support obligation as a matter of law but that the trial court may consider such benefits when deciding whether to deviate from the child-support guidelines or in any case that “involves parents with above-guidelines income levels”). Other states take the position that there is a rebuttable presumption favoring a credit for Social Security dependent retirement benefits. See, e.g., Clark v. Clark, 110 Haw. 459, 134 P.3d 625 (Ct.App.2006); Preston v. Preston, 435 Pa.Super. 459, 646 A.2d 1186 (1994).
In the present case, the circuit court’s judgment states:
“After careful consideration, this court believes that in Alabama no blanket rule should apply, and especially where the parties’ incomes exceed the guidelines set out in the Alabama Rules of Judicial Administration, a case-by-case determination should be made. Based on such individual review in this matter, this court finds from the evidence that the father has failed to meet his burden of proof in his claim. The father’s income is so much higher than the mother’s, *200 [that] this court cannot see any compelling reason to give him the credit he demands without substantially more evidence demonstrating why, in fairness and equity in this instant case, he should be entitled to such credit. It appears that (1) the child would be receiving these social security benefits now if the parties were still married, (2) the income of the mother has been reduced since the date of the divorce, (3) the income of the father has increased, and (4) clearly, the child’s social security benefits are not exactly equivalent to child support, if for no reasons other than the additional limitations on the use of such funds, and the reporting requirements imposed on the [representative] payee.”
We agree with the circuit court that no “blanket rule” should apply in this case and that the decision whether to grant the father a credit for dependent retirement benefits was a matter within the circuit court’s discretion. It is settled law in Alabama that when “the parties’ combined income exceeds the uppermost limit of the child-support schedule, the determination of a child-support obligation is within the trial court’s discretion.” McGowin v. McGowin, 991 So.2d 735, 741 (Ala.Civ.App.2008). In order to determine whether the circuit court acted outside the limits of its discretion, we will analyze the four reasons the court offered in support of its decision to deny the father a credit.
First, the circuit court stated that “the child would be receiving these social security benefits now if the parties were still married.” The legal reasoning underlying that statement is not immediately apparent to this court, but if the circuit court intended to make a finding that, had the parties remained married, the child’s access to an additional $1,163 in dependent benefits every month would allow her to enjoy a more lavish lifestyle than her father’s child-support payments are currently providing for her, then such a finding is not germane to the issue presented on this appeal.
When the parties’ combined incomes exceed the uppermost limit of the child-support schedule, the focus of the inquiry in establishing an initial child-support award is whether the amount of child support awarded “rationally relate[s] to the reasonable and necessary needs of the child, taking into account the lifestyle to which the child was accustomed and the standard of living the child enjoyed before the divorce.” Dyas v. Dyas, 683 So.2d 971, 973 (Ala.Civ.App.1995) (emphasis added; footnote omitted), affirmed but remanded, Ex parte Dyas, 683 So.2d 974 (Ala.1996). A hypothetically different lifestyle that the child might have enjoyed had there been no divorce is immaterial for purposes of modification proceedings because the focus of the inquiry in determining whether to modify child support is whether there has been a material change in circumstances since the date of the divorce — ie., for present purposes, whether the child’s “reasonable and necessary needs” have increased or whether such needs are still being met by the initial child-support award. See Poh v. Poh, 64 So.3d 49, 56 (Ala.Civ.App.2010). In the present case, the parties agreed at the time of the divorce that the initial child-support award was “fair and reasonable” and “sufficient to provide appropriately for the minor child’s care and support.” The mother presented no evidence indicating that the child’s needs had increased since the date of the divorce other than the fact that the child had enrolled in private-school kindergarten, and it is undisputed that the father has paid all school expenses for the child.
The circuit court’s second reason for denying the father a child-support credit— that “the income of the mother has been *201 reduced since the date of the divorce” — is also not germane to the issue presented on appeal. Although the mother submitted documentary evidence indicating that her monthly expenses of $5,205.50 exceeded her net monthly income of $1,940, the circuit court specifically found that the mother had presented “no evidence of changes in [her] expenses since the date of the divorce, nor any benefit to the child from many if not most of her expenses.” Cf. Faellaci v. Faellaci, 98 So.3d 521, 535 (Ala.Civ.App.2012) (affirming a $4,000-per-month child-support award to the custodial mother, despite the mother’s testimony that “household expenses” for herself and the children amounted to $5,165, because the mother did not testify that the expenses “were related only to the needs of the children” and the trial court could have concluded that only a portion of the expenses were “attributable to the ... children”). Moreover, as previously stated, the mother presented no evidence indicating that, because of the reduction in her income, the father’s child-support payments were inadequate to meet the needs of the child.
Leaving aside for the moment the circuit court’s third reason for denying a credit, we turn to the fourth reason: that the child’s dependent benefits are not “exactly equivalent” to child support because of limitations on their use and the imposition of reporting requirements on the representative payee, ie., the mother. The circuit court stated that, in reaching that conclusion, it had taken judicial notice of applicable federal regulations as set out in A Guide for Representative Payees, Soc. Sec. Admin. Publ’n No. 05-10076, (hereinafter referred to as the “Guide for Payees”).
We are at a loss to understand why the circuit court determined that Social Security dependent retirement benefits are not equivalent, in their essential nature, to child support. The Guide for Payees specifies that the child’s representative payee must maintain the child’s benefits in a separate account, establish an interest-bearing account for saving any unused funds, and make an annual report (which is subject to audit) detailing how the payee has used the funds to benefit the child.
It is axiomatic that a custodial parent must use child-support payments for the benefit of the child. The fact that the Social Security Administration compels a representative payee to segregate the funds, to document and report on their use, and to be subject to a possible audit does not in any way serve to differentiate the essential nature of dependent-benefit payments from court-ordered child-support payments. Both kinds of payments must be used for the benefit of the child, see Introduction to the Guide for Payees (stating that “if you agree to be a representative payee, we pay you the person’s benefits to use on his or her behalf’), and the receipt of both kinds of payments subjects the custodial parent to potential liability to account for the use of the funds, cf. R.G. v. G.G., 771 So.2d 490 (Ala.Civ.App.2000) (noting that the trial court has discretion to order a custodial parent to provide an accounting of child-support payments, but affirming the denial of a noncustodial father’s request for an accounting because the father neither sought a modification of child support nor made a showing that his payments were too high).
In the present case, the mother contends that it would be inequitable to allow the father a child-support credit for benefits the child receives on account of the father’s retirement because, she says, the father is still working and earning a substantial income and his Social Security retirement benefits, therefore, are not a substitute for “lost” income. Citing Lightel v. *202 Myers, 791 So.2d 955 (Ala.Civ.App.2000), the mother argues that Alabama caselaw allows a child-support obligation to be offset by third-party payments to a child only to the extent that such payments constitute a substitute for income the obligor is no longer earning, as in the case of disability or death benefits, or retirement benefits that are being paid to an obligor who is no longer working and earning an income. But, she says, when an obligor like the father receives Social Security retirement benefits and continues to earn income from other sources, the Social Security dependent benefits that the obligor’s child receives are not a substitute for the obligor’s lost earnings and, therefore, are not due to be credited against the obligor’s child-support obligation.
The mother overreads Lightel. In that case, this court held that a father’s child-support obligation could not be offset by the Supplemental Security Income (“SSI”) benefits that his children were receiving on account of their own mental disabilities because, as we explained, SSI benefits are not a substitute for the obligor’s income but, rather, are a supplement to the recipient’s income. We stated:
“In Alabama, a parent’s child-support obligation may be offset by payments by a third-party source where those payments constitute a substitute income source. See Self v. Self, [685 So.2d 732 (Ala.Civ.App.1996) ]; Binns v. Maddox, [57 Ala.App. 230, 327 So.2d 726 (Civ.App.1996) ]. However, SSI benefits are a supplement to income, not a substitute for it. Therefore, we conclude that the trial court correctly refused to offset the father’s obligation to provide for the children’s reasonable living expenses by the amount of SSI benefits the children receive.”
Lightel, 791 So.2d at 960. As can be discerned from the foregoing quote, this court used the phrase “substitute income source” in contradistinction to the phrase “supplement to income” in Lightel; we did not hold or imply that Social Security retirement benefits are a “substitute income source” only if the recipient is no longer working and earning income. Granted, it is more often than not the case that, when a child-support obligor seeks a child-support credit for the dependent retirement benefits his or her child is receiving, the obligor is no longer employed and his or her Social Security retirement benefits constitute a substantial, if not the sole, source of his or her income. But such circumstances need not exist in order to make an obligor’s Social Security retirement benefits a “substitute income source.” See Childerson v. Hess, 198 Ill.App.3d 395, 399, 555 N.E.2d 1070, 1073, 144 Ill.Dec. 551, 554 (1990) (stating that, “[sjince the amount of child support required to be paid is determined largely by income, this court can see no reason why, in discharging the obligation to pay child support, social security payments should not be credited because often social security substitutes for lost income” (emphasis added)); Spencer, Using Social Security Benefits as a Credit Towards a Child Support Obligation, 16 J. Am. Acad. Matrimonial Law. at 223 (stating that “[i]f Social Security benefits are viewed as a parent’s own earnings, the payments should be properly applied as a substitute for support payments from the obligor’s wage earnings”).
We conclude that the mother’s inequita-bleness argument is without merit. Granting the father a credit is not unfair to the child because, with or without the credit, the child will be receiving the same amount of child support that was ordered in the divorce judgment, an amount that is undisputedly sufficient to meet her reasonable and necessary needs. Granting the *203 father a credit is not unfair to the mother because,
“[fjrom a purely economic perspective, the actual source of the payments is not important to the custodial parent as long as the payments continue to be made in conformance with the [divorce judgment]. See Miller [v. Miller ], 890 P.2d [574,] 577 [ (Alaska 1995) ] (quoting Davis v. Davis, 141 Vt. 398, 449 A.2d 947, 948 (1982)); see also Binns v. Maddox, 57 Ala.App. 230, 327 So.2d 726, 728 (Ala.Civ.App.1976) (because support order is for benefit of the child, even though custodial parent receives the payment, if the sum to be paid by the non-custodial parent is paid by the government via social security benefits, the real purpose of the child support order has been accomplished).”
In re Marriage of Belger, 654 N.W.2d at 908.
As previously discussed, the circuit court’s first, second, and fourth reasons for denying the father a child-support credit are invalid. That brings us to the circuit court’s third reason for denying the father’s request for a credit — that the “father’s income is so much higher than the mother’s” and has increased since the time of the divorce. In Dyas v. Dyas, supra, this court stated:
“This court has held ... that a trial court’s discretion [in determining child support in circumstances where combined adjusted gross income exceeds the uppermost levels of the child-support schedule] is not unbridled and that the amount of child support awarded must relate to the reasonable and necessary needs of the children as well as to the ability of the obligor to pay for those needs....
[[Image here]]
“When the combined adjusted gross income exceeds the uppermost limit of the child support schedule, the amount of child support awarded must rationally relate to the reasonable and necessary needs of the child, taking into account the lifestyle to which the child was accustomed and the standard of living the child enjoyed before the divorce, and must reasonably relate to the obligor’s ability to pay for those needs.... To avoid a finding of an abuse of discretion on appeal, a trial court’s judgment of child support must satisfy both prongs.

“In this case, the amount awarded totally fails on the first prong; it is abundantly clear from the record that the child support awarded was based solely on the husband’s perceived ability to pay and does not rationally relate to the reasonable and necessary needs of the two minor children. This is contrary to established case law; consequently, we find an abuse of discretion on the part of the trial court.”

683 So.2d at 973-74 (some emphasis added; footnote omitted). We conclude that, by denying the father’s request to credit his child-support obligation with the dependent retirement benefits that the mother is receiving as representative payee for the child, the circuit court violated the rule of Dyas and thereby acted outside the limits of its discretion. See Earheart v. Earheart, 842 So.2d 695, 698 (Ala.Civ.App.2002) (holding that “a child-support payment based solely on the ability of the noncustodial parent to pay is impermissible, and ... a judgment ordering such a payment is an abuse of discretion by the trial court”).
The judgment of the Tuscaloosa Circuit Court is reversed and the cause is remanded for the rendition and entry of a judgment in favor of the father.
REVERSED AND REMANDED.
*204 THOMPSON, P.J., and THOMAS, J., concur.
MOORE, J., concurs in the result, with writing, which BRYAN, J., joins.

. Congress created a tax exemption found in 26 U.S.C. § 529 in order to encourage taxpayers to save for future college expenses. See S.Rep. No. 104-281, 106, Pub.L. No. 104-188, 1996 U.S.S.C.A.N. 1474, 1580 (stating that the reason for the change in the law was to "clarify the tax treatment of State-sponsored prepaid tuition programs and educational savings programs in order to encourage persons to save to meet post-secondary educational expenses”).

. "[T]he retired parent pays no additional premiums in order to entitle his or her child to benefits — the amount of social security contributions paid by the retired parent and his or her employer are the same whether the parent is married or single and whether he or she has children or not.... [T]he retired parent's own social security retirement benefits are not reduced or changed by the benefits his or her children receive.”
Stultz v. Stultz, 659 N.E.2d 125, 130 (Ind.1995).