MOORE, Judge.
Mohamad Namati (“the father”) appeals from a judgment of the Marshall Circuit Court (“the trial court”) insofar as the trial court declined to award him certain credits toward his arrearage of child-support payments owed to Edie Gray Lowhorn (“the mother”) for the parties’ children. We affirm in part and reverse in part.

Procedural History

The parties were divorced by a judgment entered by the trial court on June 29, 1999, which judgment incorporated a settlement agreement entered between the parties that, among other things, awarded the parties joint legal custody of the parties’ children, awarded the mother sole physical custody of the children, and awarded the father specified visitation. Additionally, pursuant to the parties’ agreement, the father was ordered to pay to the mother child support for the parties’ five children. On December 16, 2013, the father filed a complaint requesting a modification of the divorce judgment, asserting, among other things, that he had been or *1193 dered to pay child support in the amount of $423 per month;[1] that, beginning in April 2012, the parties’ youngest child (“the child”) became eligible for Social Security benefits, ancillary to the father’s receipt of Social Security retirement benefits, in the amount of $346 per month; that, from April 2012 through December 2012, the father had paid to the mother the amount of child support that was due after taking credit for the monthly Social Security payments the child was receiving; that the State of Alabama Child Support Payment Center had failed and refused to give the father credit for the monthly Social Security payments the child had received and continued to receive; and that the Child Support Payment Center continued to send the father statements showing that he was in arrears on his child-support obligation and adding interest to the past-due amount. The father further alleged that the child had received Social Security benefits of $352 per month in 2013 and that the father had paid the mother the balance owed on his monthly child-support obligation in 2013. The father sought a judgment from the trial court crediting him for the sums paid by the Social Security Administration to the mother for the benefit of the child and for the child-support arrearage amount withheld from his income-tax refund, among other things.
On November 28, 2014, the mother filed an answer to the father’s complaint and a counterclaim for contempt based on the father’s failure to pay certain expenses and child support as ordered by the trial court. The father, filed a reply to the mother’s counterclaim on December 22, 2014. In response to a motion by the mother, the trial court issued an order instructing the father to appear before the court on the trial date and show cause why he should not be held in civil and criminal contempt. Following a trial on May 28, 2015, the trial court entered a judgment on June 2, 2015, awarding the mother $12,300.03 for unpaid child support and interest, awarding the mother $1,505.60 for unpaid medical expenses of the parties’ children, awarding the mother $3,000 for attorney’s fees, finding the father in contempt for his failure to pay child support, and denying all other requested relief. The father filed his notice of appeal to:this court on July 10, 2015.

Standard of Review

“ ‘ “ ‘[Wjhen a trial court hears ore tenus testimony, its findings on disputed facts are presumed correct and its judgment based on those findings will not be reversed unless the judgment is-palpably erroneous or manifestly unjust.”” Water Works & Sanitary Sewer Bd. v. Parks, 977 So.2d 440, 443 (Ala.2007) (quoting Fadalla v. Fadalla, 929 So.2d 429, 433 (Ala.2005), quoting in turn Philpot v. State, 843 So.2d 122, 125 (Ala.2002)). ‘“The presumption of correctness, however, is rebuttable and may be overcome where there is insufficient evidence presented to the trial court to sustain its judgment.” ’ Waltman v. Rowell, 913 So.2d 1083, 1086 (Ala.2005) (quoting Dennis v. Dobbs, 474 So.2d 77, *1194 79 (Ala.1985)). ‘Additionally, the ore tenus rule does not extend to cloak with a presumption- of correctness a trial judge’s conclusions of law or the incorrect application of law to the facts.’ Waltman v. Rowell, 913 So.2d at 1086.”
Retail Developers of Alabama, LLC v. East Gadsden Golf Club, Inc., 985 So.2d 924, 929 (Ala.2007).

Analysis

The father argues on appeal that the trial court erred in determining that he was not entitled to a credit toward his child-support arrearage for the Social Security benefits that the child received as a result of the father’s eligibility for Social Security retirement benefits. The father cites Adams v. Adams, 107 So.3d 194, 196-97 (Ala.Civ.App.2012), in support of his argument. In Adams, a noncustodial father sought to modify the child-support provision' of a divorce judgment, asserting that he was entitled to a reduction of his monthly child-support obligation in the same amount as the Social Security dependent retirement benefits that his child had received each month as a result of the father’s eligibility for retirement benefits. This court determined that the decision whether to grant the father in Adams a credit for dependent retirement benefits was a matter within the trial court’s discretion. Id. at 200. After examining the reasons for which the trial court in that case denied the father a credit, this court reversed the trial court’s judgment, concluding that the stated reasons were invalid and that the trial court had exceeded its discretion in denying a credit for the benefits received by the child. Id. at 203. Accordingly, we must determine whether, in the present case, the trial court exceeded its discretion in denying the father a credit for the Social Security benefits received by the child.
Although the trial court failed to make findings of fact in its judgment, the trial judge indicated at the trial that he was denying the father a credit for the Social Security benefits received by the child based on the father’s failure to seek a modification of his child-support obligation at the time the child began receiving those benefits and because the father’s failure to pay the full amount of child support monthly as ordered by the court had resulted in a final judgment as to the unpaid amount on the date each month when the support was due and not fully paid. In Frasemer v. Frasemer, 578 So.2d 1346, 1348-49 (Ala.Civ.App.1991), this court stated, in pertinent part:
“Court-ordered child support payments become final money judgments on the dates that they accrue and are thereafter immune from change or modification. Motley v. Motley, 505 So.2d 1228 (Ala.Civ.App.198[6]). While it is within the discretion of the trial court to modify the amount of child support due in the future, the trial court may not release or discharge child support payments once they have matured and become due under the original divorce decree. Mann v. Mann, 550 So.2d 1028 (Ala.Civ.App.1989). Further, the trial court may not diminish the amount of arrearage shown. Endress v. Jones, 534 So.2d 307 (Ala.Civ.App.1988). At most, the trial court has discretion only as to the amount of ar-rearage by giving credit to the obligated parent for money and gifts given to the child, Sutton v. Sutton, 359 So.2d 392 (Ala.Civ.App.1978), or for amounts expended while the child lived with the obligated parent or k third party. Nabors v. Nabors, 354 So.2d 277 (Ala.Civ. App.1978). Where the obligated parent has failed to make child support payments because of financial inability to do so, the trial court may properly find *1195 the parent not in contempt, Patterson v. Gartman, 439 So.2d 171 (Ala.Civ.App.1983), but the trial court may not ‘forgive’ or set aside the accrued ar-rearage. State Dep’t of Human Resources v. Hulsey, 516 So.2d 720 (Ala.Civ.App.1987).”
Thus, although the trial court was correct that it could not retroactively correct the arrearage amount because the unpaid amounts of his monthly child-support obligation became final money judgments at the time they accrued, the father was not required to seek a modification of his child-support obligation at the time the child began receiving Social Security benefits in order to be awarded a credit against his arrearage. As discussed above, this court determined in Adams that a trial court may give credit to an obligated parent for Social Security benefits received by his or her child. Thus, the trial court’s reasbning as to its denial of a credit to the father is misplaced.
“[A] party seeking credits against child support must present proof pertaining to the monetary amount of the credits sought.” Phillippi v. State ex rel. Burke, 589 So.2d 1303, 1304 (Ala.Civ.App.1991). The father testified that he was 65 years old at the time of the trial and that he had begun receiving Social Security retirement benefits when he reached the age of 62. The mother stated that the father had paid $423 in child support until April 2012, when the child began receiving monthly Social Security benefits as a result of the father’s retirement. She testified that the child had received those payments' until May 2014, when they stopped because the child graduated from high school. According to the mother, initially the child began receiving monthly benefits of $346, but, she said, that amount later increased to approximately $357.90 per month. The mother stated that each month the father had paid the difference between the Social Security benefits that the child received and the amount of the father’s monthly child-support obligation and that, when the amount of the child’s monthly Social Security -benefits had changed, the father had continued to pay $77 per month in child support. Because evidence was presented pertaining to the amount that the child had received monthly in Social Security benefits, the trial court had the information needed to calculate the amount of the credit due the father toward his child-support arrearage.
The mother testified that she had placed the monthly Social Security benefits that the child had received into an account in the child’s name and'that she had not used that money for the support and maintenance of the child. She testified that the •child had “[taken] care of himself,” that “Social Security [had] told [her] that the money was [the child’s],” and that the child had eventually purchased a car with the money. We note, however, that in Adams, supra, in response to a similar argument as to why Social Security benefits paid to a child should- not be credited to the parent making child-support payments, this court stated, in pertinent part:
“It is axiomatic that a custodial parent must use child-support payments for the, , benefit of the child. The fact that the Social Security Administration compels a representative payee to segregate the funds, to document and, report on their use, and to be subject to a possible audit does not. in any way serve to differentiate the essential nature of dependent-benefit payments, from, court-ordered child-support payments. Both kinds of payments must be used for, the benefit of the child, see Introduction to the Guide, for Payees (stating that ‘if you agree to be a representative payee, we pay you the person’s benefits to use *1196 on his1 or her behalf), and the receipt of both kinds of payments subjects the custodial parent to potential liability to account for the use of the funds, cf. R.G. v. G.G., 771 So.2d 490 (Ala.Civ.App.2000) (noting that the trial court has discretion to order a custodial parent to provide an accounting of- child-support payments, but affirming the denial of a noncustodial father’s request for an accounting because the father neither sought a modification of child support nor made a showing that his payments were too high).”
107 So.3d at 201. Therefore, any assertion by the mother before the trial court that the limitation on her use of the. funds received by the .child should result in the denial of a credit to the father for those amounts toward his child-support arrear-age was without merit, and the trial court’s reliance on that testimony would have been misplaced.
Because the father presented evidence in support of his-request for credits toward his child-support arrearage based on the Social Security benefits received by the child and because the trial court’s reasoning for declining to credit the father with those amounts paid does not support its decision, the trial court erred in declining to grant the father the requested relief.
The father also argues on appeal that the trial court erred in failing to give him a credit against his child-support ar-rearage for a payment that he had made in April 2009 in' the amount of $858.69. We note, however, that the arrearage calculation presented as “Defendaht’s Exhibit 1” indicates that, in April 2009, the father was credited as' having paid $846, which was applied to the total amount due for that month—his monthly child-support payment of $423 and his cumulative arrearage at that time of $423. Additionally, the arrearage-calculation sheet indicates that an additional $12.69 was credited toward the interest due at that time. Thus, it appears from the father’s exhibit that he was duly credited with a total of $858.69 in April 2009. We decline, therefore, to conclude that the trial court erred in failing to credit the father in the amount of $858.69 toward his arrearage.
Based on the foregoing, we reverse the trial court’s judgment insofar as it denied the father credit for the monthly Social Security benefits received by the child, and we remand the case with instructions to the trial court to recalculate the amount of the father’s child-support arrearage in light of those applied credits and to enter a judgment accordingly. As to the father’s other arguments, we affirm the trial court’s judgment.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
THOMPSON, P.J., and PITTMAN, J., concur.
THOMAS, J., concurs in part and dissents in part, with writing, which DONALDSON, J„ joins.

. Although the record on appeal does not contain any judgment or orders of the trial court with regard to a modification of the father’s child-support obligation following the parties’ divorce, we note that, in his complaint, the father references a February 18, 2005, judgment ordering him to pay child support in the amount of $423 per month, that the record indicates that each of the parties’ children had reached the age of majority by the time the father filed his complaint for a modification, and that records of the Madison County Department of Human Resources that were presented as an exhibit at the trial in this matter also indicate that, for the period at issue in this appeal, the father's child-support obligation was $423 per month.