THOMAS, Judge,
concurring in part and dissenting in part.
I agree with the main opinion that the Marshall Circuit Court did not err by declining to award. Mohamad Namati (“the father”) a credit against his child-support arrearage for. a payment he made in April 2009, especially in light of his concession in footnote 1 of his appellate brief admitting that such a credit was, in fact, already awarded.
However, I respectfully dissent regarding the main opinion’s conclusion that the trial court erred by determining that the father was not entitled to a credit toward his child-support arrearage for the Social *1197 Security benefits that the parties’ youngest child (“the child”) received as a result of the father’s eligibility for Social Security retirement benefits. In this case, the main opinion concludes that, although a factual basis to support its decision is contained in the record, the trial court erred to reversal by declining to award certain credits toward the arrearage of child-support payments owed by the father. 201 So.3d at 1195.
As the main opinion recognizes, our decision in Adams v. Adams, 107 So.3d 194, 200 (Ala.Civ.App.2012), explained that the determination whether to grant a credit for dependent retirement benefits received by a child as to whom child support is owed was a matter within a trial court’s discretion. 201 So.3d at 1194. See also Kinsey v. Kinsey, 425 So.2d 483, 485 (Ala.Civ.App.1983)(“It is well settled that the award or denial of a credit against arrear-age is within the sound discretion of the trial court, and such a decision will riot be reversed absent a showing of plain and palpable abuse.”).
“When a decision is within the trial court’s discretionary powers, the trial court ‘has the power to choose between two or more courses of action and is therefore not bound in. all cases to select one over another.’ In re 2010 Denver Cnty. Grand Jury, 296 P.3d 168, 176 (Colo.Ct.App.2012). With limited exceptions, the trial court is not required to provide findings of fact or to express, either orally on the record or within a writing, any or all of its reasoning for the decision it makes. But when the discretionary ruling is challenged on appeal, the appellate court can hear the voice of the trial court only from the record and must be able to find support within the record for the trial court’s decision.”
Swindle v. Swindle, 157 So.3d 983, 992 (Ala.Civ.App.2014).
I do not believe (and I do not intend to imply) that, unless the payor parent had filed a modification petition, a trial court could not properly credit Social Security benefits to a payor parent’s child-support arrearage. However, because we have said that a trial court does not necessarily abuse its discretion by declining to award a credit for Social Security benefits received by a child as to whom child support is owed, in my opinion, regardless of whether the trial court in this case had awarded the credit or had declined to award the credit, our deferential standard of review should compel this court to affirm the trial court’s discretionary ruling.
DONALDSON, J., concurs.